■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SYLVESTER, Appellant.— Judgment of the Supreme Court, Kings County, dated November 7, 1963, convicting defendant of attempted robbery in the third degree, unarmed, and sentencing him to 2½ to 5 years imprisonment, reversed, on the law and the facts, and indictment dismissed. Defendant was indicted in Kings County on September 25, 1959, for robbery in the first degree, grand larceny in the first degree and assault in the second degree. He was arraigned on December 7, 1959, and pleaded not guilty. His case appeared on the Trial Calendar for April 4, 1960, and thereafter was marked ready and passed subject to the completion of the trial of a robbery indictment pending against him in the former County Court, Queens County. On May 9, 1960, the case was marked off the calendar because defendant had been committed to Matteawan State Hospital on May 2, 1960, by order of the County Court, Queens County. On August 24, 1962, defendant was released from Matteawan and remanded to Queens County, for trial on the indictment pending there. On December 19, 1962, defendant pleaded guilty in Supreme Court, Queens County, to robbery in the second degree, and on January 23, 1963, he was sentenced to serve 7½ to 10 years in Sing Sing Prison. Despite the fact that the Kings County District Attorney had filed a detainer at Matteawan on December 7, 1959, Matteawan failed to notify him that defendant had been issued a certificate of recovery and returned to Queens County. The Kings County District Attorney did not

learn of defendant's release therefrom until January 31, 1963, when he was notified by the Warden of Sing Sing Prison that the defendant had commenced the service of the sentence imposed in Queens County. Defendant was not tried in Kings County until October 11, 1963, when he pleaded guilty to attempted robbery in the third degree, unarmed. In our opinion, the 14-month delay between the time defendant was released from Matteawan and the time he was tried in Kings County denied him due process and his right to a speedy trial under subdivision 1 of section 8 of the Code of Criminal Procedure (see *People* v. *Sylvester*, 50 Misc 2d 677; *People* v. *Mudra*, 12 Misc 2d 438). Since both the District Attorney and the Matteawan officials are agents of the State, the fault of the Matteawan officials in not notifying the District Attorney as to defendant's release should not be charged to the prisoner, but to the State (*People* v. *Masselli*, 13 N Y 2d 1). The State has the duty of seeing that the defendant is speedily brought to trial (*People* v. *Prosser*, 309 N. Y. 353, 358–359). The People have failed to establish good cause for the delay (Code Crim. Pro., § 668), and defendant in no manner waived his right to a speedy trial. His failure to demand final disposition of the charges under section 669-a of the Code of Criminal Procedure in no way waived this right (*People* v. *Bryant*, 12 N Y 2d 719; *People* v. *Piscitello*, 7 N Y 2d 387; *People* v. *Segura*, 6 N Y 2d 936), nor did he waive it by pleading guilty (*People* v. *Chirieleison*, 3 N Y 2d 170). Accordingly, the indictment should be dismissed (*People* v. *Piscitello*, *supra*). Rabin, Munder and Martuscello, JJ., concur; Beldock, P. J., dissents and votes to affirm with the following memorandum, in which Benjamin, J., concurs: The majority is of the opinion that this *Kings* County indictment, filed September 25, 1959, for robbery in the first degree and related crimes, to which defendant entered a plea of guilty of attempted robbery in the third degree, unarmed, on October 11, 1963, should be dismissed because the delay between August 24, 1962 (when defendant was released from Matteawan State Hospital and remanded to *Queens* County, for trial on a robbery indictment pending there) and October 11, 1963 denied defendant due process and his right to a speedy trial. It is conceded that the Kings County District Attorney was not notified until January 31, 1963 of defendant's release from Matteawan on August 24, 1962. In our opinion, the delay between August 24, 1962 and January 23, 1963 (when judgment was rendered against defendant on his Queens County indictment) may not be charged against the District Attorney of Kings County because during that period defendant was involved solely with the criminal proceedings against him in *Queens* County. Nor may the period between August 23, 1963 (when defendant moved to dismiss the Kings County indictment under section 668 of the Code of Criminal Procedure) until October 10, 1963 (when defendant was returned to Kings County for trial) be computed as part of the period of delay (cf. *People* v. *Henderson*, 20 N Y 2d 303). Therefore, the greatest delay which may be charged to the District Attorney of Kings County is the seven-month period between January 23, 1963 (when the Queens County proceedings were completed) and August 23, 1963 (when defendant moved to dismiss the Kings County indictment). No case has held that a seven-month delay warrants dismissal of an indictment. Such a delay has been held insufficient to warrant dismissal (*People* v. *Hernandez*, 7 A D 2d 724).