OPINION OF THE COURT
Renee A. White, J.
The defendant was arraigned on January 30, 1988 and *811 charged with two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [3], [4]), unclassified misdemeanors. The defendant now moves to dismiss the accusatory instrument pursuant to CPL 170.30 (1) (e) on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (b).
CPL 30.30 (1) (b) clearly mandates that a motion to dismiss must be granted where the People fail to announce their readiness for trial within 90 days from the commencement of a criminal proceeding when the defendant has been charged with one or more class A misdemeanors. Once the defendant has alleged a delay of more than the permissible statutory time period, the People have the burden of demonstrating that the time is excludable. (People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
The court has read the papers, examined the file and finds as follows:
On January 30, 1988 the defendant was arraigned and the case was adjourned to March 3, 1988 for corroborating affidavit. The People concede that this time period of 33 days is chargeable.
On March 3, 1988 the necessary corroborating affidavit was filed. A motion schedule was set at defendant’s request and the case was adjourned to April 19, 1988 for the People’s response and decision. This period is excludable. (CPL 30.30 [4] [a]; People v Worley, 66 NY2d 523 [1985].)
On April 19, 1988 the People filed their response and the court ordered Huntley, Mapp and Dunaway hearings. The case was adjourned to May 10, 1988 for such hearings. This time period is excludable. (People v Green, 90 AD2d 705 [1st Dept 1982].)
On May 10, 1988 the People were not ready and the case was adjourned to May 16, 1988 for the hearings. The People concede that this period of six days is chargeable.
On May 16, 1988 and again on June 8, 1988 the defendant was unable to proceed. The case was adjourned to July 11, 1988 for Huntley, Mapp and Dunaway hearings. As both adjournments were at the request of the defendant, this period is excludable. (CPL 30.30 [4] [b].)
On July 11, 1988 and again on August 2, 1988 the defendant failed to appear and bench warrants were ordered on each date. Defendant returned voluntarily on July 14, 1988 and August 5, 1988, respectively, and the warrants were vacated. The defendant concedes that both periods from July 11 *812 through July 14, 1988 and August 2 through August 5, 1988 are excludable. (CPL 30.30 [4] [c]; People v Rodriguez, 132 Misc 2d 1044 [Crim Ct, NY County 1986].)
On the return dates of July 14, 1988 and August 5, 1988, the case was adjourned to August 2, 1988 and September 14, 1988 for the hearings previously ordered by the court. The defendant contends that both periods from July 14 through August 2, 1988 and August 5 through September 14, 1988, a total of 59 days, are chargeable to the People. The defendant argues that the language of CPL 30.30 (4) (c) specifically excludes only the period of time from the day that the court issues a bench warrant to the day the defendant subsequently appears in court. Therefore, the defendant contends that once he appears on the warrant the People must satisfy their obligation under the statute and announce their readiness for trial in order for the CPL 30.30 time to toll. However, the court finds the defendant’s reasoning is without merit under the facts and circumstances of this case.
The court is presented with a novel issue. In order to toll the provisions of CPL 30.30, are the People required to be ready for a hearing or trial the day the defendant returns on a warrant? The court finds that to require the People to meet such a burden would be unreasonable. The People cannot be expected to be ready for a hearing when they were unaware of the day the defendant would be returning on the warrant. To hold otherwise would unduly burden the People by requiring them to be ready for hearings or trials everyday of the year on cases that are not calendared, but on the chance that the defendant might choose to appear. Obviously, the People must be given a reasonable amount of time to call their witnesses to arrange for the hearings after the defendant has returned.
This situation is analogous to People v Green (supra). There the Appellate Division, First Department, held that the time from the date the court ordered a hearing to the adjourned date set for the hearing is not chargeable to the People. The court found that "[t]he People could hardly be expected to be prepared for a hearing even before they were aware that the court was ordering one. * * * The * * * adjournment thereafter requested by the People 'to be ready’ was reasonable and should not have been charged to them.” (Supra, at 705-706.)
This court, however, does not imply through this holding that an adjournment following the defendant’s return on a warrant would never be charged to the People. Surely, if *813 defense counsel had informed the People of the anticipated date of the defendant’s return prior to his actual appearance in court, the People would have been on notice to be ready for a hearing and charged with any further adjournment. In any event, the People would only be entitled to a reasonable amount of time to be ready.
In addition, in regards to the adjournment of August 5, 1988, CPL 30.30 (4) (b) must be considered. It expressly excludes: "[T]he period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel. The court must grant such a continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt dispositions of criminal charges. A defendant without counsel must not be deemed to have consented to a continuance unless he has been advised by the court of his rights under these rules and the effect of his consent”.
In People v Worley (supra) the Court of Appeals held that the defendant’s action in requesting or consenting to adjournments constituted a waiver of the delay. In reversing and reinstating the accusatory instrument, the court stated: "[E]ven though defendants’ actions did not prevent the People from obtaining accusatory instruments sufficient for trial, defendants waived the delay in the proceedings by requesting or consenting to them.” (Supra, at 527.)
The court reasoned that exclusions rest generally on the theories of estoppel or waiver. Therefore, adjournments caused by the defendant for his own benefit or requested by him should be excluded.
The defendant was represented by counsel on August 5, 1988 when he voluntarily returned on the warrant. Thus, he was not estopped from consenting to any further adjournments. (CPL 30.30 [4] [b].) The record in this case clearly demonstrates that on August 5, 1988 the defendant waived the delay and requested this adjournment. The defense counsel stated: "This case is on for a hearing. I tried to get a hold of the A.D.A. for a good date for the police officer to be available. I was not able to do it yet. I ask that it be put over four or five weeks”.
The defendant’s specific request for the adjournment must be excluded in determining the People’s compliance with CPL 30.30. (CPL 30.30 [4] [b]; People v Worley, supra.)
On September 14, 1988 and September 26, 1988 the People *814 were not ready for the hearings. The case was adjourned to October 3, 1988. The People concede that this 19-day period is chargeable.
On October 3, 1988 the hearings were held and the case was adjourned to October 18, 1988 for confirmation of the Judicial Hearing Officer’s findings and trial. This period is excludable. (CPL 30.30 [4] [a].)
On October 18, 1988 the People were not ready for trial. However, the defendant filed this instant motion. The case was adjourned to November 7, 1988 for decision. This time is excludable. (CPL 30.30 [4] [a]; People v Worley, supra.)
On November 7, 1988 the court was awaiting certain minutes which were necessary for its decision on this motion. The case was adjourned to November 21, 1988. This time is excludable. (CPL 30.30 [4] [a]; People v Shannon, 143 AD2d 572 [1st Dept 1988].)
In total only 58 days are properly charged to the People. Therefore, defendant’s motion to dismiss pursuant to CPL 30.30 is denied.