OPINION OF THE COURT
John P. Walsh, J.
This decision addresses the issue of whether the People are entitled to an extension of CPL "180.80 time” in cases in which the defendant has served a notice requesting to testify *199 before the Grand Jury pursuant to CPL 190.50 (5) (a), but is unable to do so by the CPL 180.80 hour due to the failure of the Department of Correction to produce him in the Grand Jury.
The defendant, arrested on August 1, 1990, at 6:21 p.m., was arraigned in Part AR-5 on August 3, 1990, on a felony complaint charging grand larceny in the third degree (Penal Law § 155.35) and criminal possession of stolen property in the third degree (Penal Law § 165.50). At his arraignment, the defendant, through his counsel, served written notice upon the prosecutor requesting to exercise his right to testify before the Grand Jury (referred to as Cross Grand Jury Notice) pursuant to CPL 190.50 (5) (a). Bail was set at $5,000 cash and the matter was adjourned to this Part for the "180.80 day”, August 7,1990.
On August 7, 1990, at approximately 11:50 A.M., the case was called in this Part by the People for the purpose of requesting a good cause extension of the "180.80 time.” Although the People had until 6:21 p.m. that evening to dispose of the felony complaint, the court was advised that the People’s case had been fully presented to an a.m. Grand Jury which was to be dismissed at 1:00 p.m. and reconvened the following morning and that no vote had been taken pending the defendant’s testimony. Although the People had timely served upon the Department of Correction an order to produce the defendant on the morning of August 7, 1990, he was not produced. There was no indication as to whether this failure was attributable to either the inefficiency of the Department of Correction or the actions or condition of the defendant.
This application was opposed by defense counsel who contended that the failure of the Department of Correction, an arm of the prosecutor, to produce the defendant so as to allow him to exercise a statutory right is not sufficient good cause to justify an extension of the "180.80 time”. It should be noted that defense counsel had still not fully discussed with the defendant the issue of his testifying before the Grand Jury. This court, for reasons set forth below, granted the extension to 1:00 p.m., August 8, 1990. -
On August 8, 1990, at 12:45 p.m., the prosecutor again applied for a good cause extension of the "180.80 time” for the same reasons stated the previous day, namely, the failure to produce the defendant by the Department of Correction in time for the morning Grand Jury. The defense counsel once *200 again voiced opposition and the court granted a second extension to 1:00 p.m., August 9, 1990.
Oil August 9, 1990, the defendant was produced at the Grand Jury and after consultation with counsel withdrew his Cross Grand Jury Notice. A vote was immediately taken, the defendant was indicted, and the case was adjourned to the Supreme Court for arraignment on the indictment. It was subsequently determined that the defendant was, in fact, produced by the Department of Correction on the afternoons of August 7th and 8th, at a time when the morning Grand Jury was not in session. There was no indication that defense counsel was aware of these afternoon productions which would have allowed him to interview the defendant and make a decision to withdraw Cross Grand Jury Notice at an earlier date.
A written decision setting forth the court’s reasoning in granting the "180.80” extensions follows because this issue, upon which there is no case law, arises regularly in this Part, which is the repository for all felony cases in the Criminal Court that are adjourned out of the Arraignment Parts. The apparent reason for the regularity of these applications is the large number of Cross Grand Jury Notices served at arraignment. It has become a defense practice to serve Cross Grand Jury Notice at arraignment as a prophylatic measure in the event that the defendant may wish to testify before the Grand Jury. The result is that a significant number of cases end up with Grand Jury votes being delayed until the defendant is produced by the Department of Correction at which time a significant number of such notices are withdrawn. For those cases where the defendant is not produced by the Department of Correction, applications for extensions are made to this court similar to the application made in this case.
Although the application by the People in this case was made pursuant to subdivision (3) of CPL 180.80 (the "good cause” extension provision), the extension is properly allowable pursuant to subdivision (1).
Subdivision (1), as applicable to this case, specifically provides that the court is not required to release a defendant after confinement for more than 144 hours (the time period applicable in this case) when the failure to dispose of the felony complaint is due to the defendant’s "request”.
Unfortunately, there is no indication in the statute or the original Commission Staif Notes of the Temporary Commis *201 sion on Revision of the Penal Law and Criminal Code as to what the Legislature intended by the word "request”.
The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes § 92). In the construction of a statute every word must be presumed to have meaning (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 231) and different parts of the same act, though contained in different sections, are to be construed together as if they were all in the same section, thus the whole Criminal Procedure Law is to be construed together (see, McKinney’s Cons Law of NY, Book 1, Statutes § 130).
Applying these principles to the case at hand, the "request” provision of CPL 180.80 is interrelated with the request notice provision of CPL 190.50 (5) (a).*
It follows, therefore, that if the Legislature specifically exempted delay in disposing of a felony complaint caused by a defendant’s request, the Legislature was cognizant that delay is inherent in honoring such requests. The Legislature, unfortunately, did not indicate what delays it envisioned in CPL 180.80 (1) "request” cases, thereby leaving the courts with the responsibility to divine legislative intent. The reasons for delay in such cases are extremely limited, with the nonproduction of the defendant being the most likely and predominant.
Accordingly, it is the ruling of this court that a delay in submitting a matter for a vote brought about by the late production of a defendant who has filed Cross Grand Jury Notice falls within the purview of CPL 180.80 (1) and warrants a reasonable extension of "180.80 time” by the court.
Such extensions, however, should not be granted in a vacuum but only after the court has evaluated the individual factors in each case. In this case, the following additional factors were present: The People had fully presented their case with the vote being delayed pending the defendant’s testimony; the defendant had not yet decided whether he would, in fact, testify; and the defendant’s rights were protected by daily adjournments.
It is significant, in this case, that the defendant had not *202 fully decided whether or not he would testify. To allow a defendant to use Cross Grand Jury Notice as a lever to be released pursuant to CPL 180.80 when he either knows he will not or is unsure as to whether he ever will actually testify, is unfair to the People and in contravention of the spirit of both CPL 180.80 and 190.50.
Finally, argument was made that the Department of Correction is an arm of the government and that the People are chargeable with the inability of the Department of Correction to produce the defendant. The courts have repeatedly held that in the context of CPL 30.30, the People are chargeable when the defendant is not produced by the Department of Correction (People v Jones, 66 NY2d 529; People v Masselli, 13 NY2d 1; People v Sylvester, 29 AD2d 985).
Although facially attractive, an analysis of both CPL 30.30 and 180.80 renders the argument inapplicable to CPL 180.80 extension applications.
The fact that the Department of Correction may be an arm of the People for CPL 180.80 purposes is not the issue. The issue is whether the failure to produce the defendant precludes the People from obtaining an extension. Aside from the fact that a defendant may not be produced by the Department of Correction for reasons which are beyond the control of the People (e.g., weather or traffic conditions, illness or injury of the defendant, uncooperativeness of the defendant, etc.) and that the specific reason for nonproduction is unknown to either side at the time of a request for an extension, the differences between CPL 30.30 and 180.80 are such that a wholesale adoption of the 30.30 "failure to produce” rule is inappropriate.
CPL 30.30 (4) specifically provides for those periods of time which are to be excluded in computing the time within which the People are to be ready for trial, none of which such excludable specific time periods refer to the time within which the People are unable to produce the defendant. Such specificity indicates a clear legislative intent to charge the People for all other reasons for delay (including failure to produce).
CPL 180.80, on the other hand, is nonspecific as to reasons for delay other than to provide that the "request” of the defendant is sufficient to trigger the application of subdivision (1).
Under both provisions, the law seeks to protect the rights of defendants by assuring that cases are expeditiously resolved *203 either by the People being ready for trial in the CPL 30.30 case or by disposition of the felony complaint in the CPL 180.80 case. To allow the People in a CPL 30.30 case to exclude time during which a defendant is not produced would be a means for the government to delay trials with the defendant being placed in a situation over which he has no control. In the CPL 180.80 case, however, the defendant has control. He has, by serving Cross Grand Jury Notice, set in motion events which will require him to be brought to the Grand Jury and thereby preclude, as in the case at hand, prompt disposition of the felony complaint. Granted, the defendant is exercising a right accorded him by law but such right is not of constitutional magnitude (People v Bey-Allah, 132 AD2d 76 [1st Dept 1987]) and must be accorded and interpreted in a fashion consistent with other provisions of law.
For the foregoing reasons the People’s application to have the CPL 180.80 time extended in this case is granted.

 CPL 190.50 (5) (a) provides, as is pertinent to this case, that a "person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request”. (Emphasis supplied.)