■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MUHANIMAC, Respondent.—Order, Supreme Court, New York County (Juanita Bing Newton, J.), entered August 24, 1989, which granted defendant's motion pursuant to CPL 30.30 to dismiss an indictment charging him with robbery in the second degree and grand larceny in the fourth degree, unanimously reversed, on the law and on the facts, the indictment reinstated and the matter remanded for further proceedings.

The IAS court concluded that a total of 181 days were chargeable to the People but dismissed the indictment on the erroneous ground that the allowable time period for the People to answer ready under CPL 30.30 was 180 days, rather than 181 days. This was error. *(See, People v Stiles,* 70 NY2d 765.)* Notwithstanding, defendant argues that the court's determination was correct because the filing date of the accusatory instrument was September 13, 1988, not, as the IAS court found, September 14, 1988. As the submissions on appeal clearly show, however, the accusatory instrument was filed in the Criminal Court on September 14, 1988 and thus this action was commenced (CPL 1.20 [17]) on that date. Thus, even by the IAS court's calculation of chargeable time, the indictment should not have been dismissed.

The People also challenge the court's charging of three other time periods, totalling 33 days, to them. Clearly, the five-day delay commencing January 12, 1989, when defense counsel requested that the prosecutor delay presentation of the case to the grand jury while he contacted defendant to determine whether he wished to testify, should have been excluded. *(See,* CPL 30.30 [4] [b]; *People v Jason,* 158 AD2d 337, *lv denied* 76 NY2d 737.) During that conversation, counsel agreed to telephone the prosecutor on January 17, 1989 with defendant's answer. On January 17th, defense counsel telephoned the prosecutor to advise him that defendant could not be located, that defendant's grand jury notice would be withdrawn and that he had no objection to the case being presented to the grand jury. The case was, in fact, presented on January 20, 1989, the next convenient date for the People's witnesses. The IAS court's ruling that counsel's January 12, 1989 request did not delay the People's grand jury presentation is at odds with the reality of the situation. To require the People to proceed in the face of such a request would be highly impractical. The People could not have obtained an indictment without affording defendant, who, as noted, had filed a timely notice of his intention to testify before the grand jury, an opportunity to testify. *(People v Bey-Allah,* 132 AD2d 76.)* Had the five-day delay, occasioned by defendant's request, not occurred, the People may very well have been able to present the case before January 20th.

Defendant argues that 69 days from March 8, 1989, when he failed to appear and a bench warrant was issued, until May 16, 1989, when he was returned involuntarily to court, should not have been excluded since there was no evidence that he was consciously avoiding apprehension and the People failed to demonstrate due diligence in attempting to locate him. In making this argument, defendant ignores the fact that his counsel conceded before the IAS court that this time was excludable. Thus, he has waived this argument. Since the excludability of this period was not contested, the People were deprived of the opportunity to show what efforts, if any, were made to locate defendant.

Finally, we note, the six-day adjournment from May 16, 1989, when defendant was returned and arraigned on the indictment, until May 22, 1989 should not have been charged to the People. It is completely unreasonable to expect the People to answer ready "when they were unaware of the day the defendant would be returning on the warrant." *(People v Degro,* 141 Misc 2d 810, 812.) The People must be given a

reasonable time to call their witnesses and arrange for the recommencement of the case after a defendant is involuntarily returned. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.