OPINION OF THE COURT
Charles J. Tejada, J.
The defendant, Vincent Gatling, filed a motion to dismiss *887 this indictment pursuant to CPL 30.30 alleging that he has been denied his right to a speedy trial. The defendant contends that 189 days of excludable time have elapsed within which the People were not ready for trial. The People countered that only 106 days chargeable to them have elapsed.
The relevant period to be considered in determining this motion is from February 10, 1993, when the mistrial was declared, to September 21, 1993, when the instant motion was filed.
CALCULATION OF CHARGEABLE TIME

February 10, 1993 to March 15, 1993

On February 10, 1993 a mistrial was declared when the jury could not reach a verdict. For speedy trial purposes the clock started running anew. (CPL 340.30 [5] [a].) On that date the defendant requested an adjournment to March 15, 1993 in order to acquire the transcript of the trial. This adjournment was at defendant’s request and is therefore excludable. (CPL 330.30 [4] [b].)

March 15, 1993 to March 29, 1993 (14 days)

On March 15, the People were not ready and the case was adjourned to March 29, 1993. The People are charged with 14 days.

March 29, 1993 to April 26, 1993 (18 days)

On March 29, the People were not ready and requested April 12, 1993. The court adjourned the case to April 26, 1993. The defendant requested April 21, 1993. The period April 12 to April 21 was not charged to the People because defendant requested that adjournment. The People were chargeable with 13 days (March 29 to April 12). However, on April 26, 1993 the People were not ready. They are therefore charged with the five-day period from April 21 to April 26, 1993. Delays caused by the court, such as delays in arraignment or other court congestion, do not excuse the People from timely declaring the readiness for trial. (People v Smith, 82 NY2d 676 [1993]; People v Correa, 77 NY2d 930 [1992].)
Additionally, in People ex rel. Sykes v Mitchell (184 AD2d 466), the First Department held that "[a] sua sponte adjournment period not otherwise excludable is chargeable to the People.” (Supra, at 467.) That Court further opined that: "[i]f *888 a party requesting adjournment gets more than it asked for, due to court congestion, it should bear the burden of the additional delay. An exception to that rule would be where the party requesting adjournment is actually ready to proceed at the next calendar call, where a reasonable argument could be made that said party would have been ready on the date originally requested for adjournment.” (Supra, at 468.)
Here since the People were not ready to proceed on April 26, 1993, they must be charged with the period beyond what they requested and not otherwise excludable.
Consequently, the People are charged with a total of 18 days for this period.

April 26, 1993 to May 17, 1993 (21. days)

Although there is no record that the People answered ready on April 26, 1993, they contend that this period is excludable because the Judge was out sick and a material witness was unavailable.
In People v Cortes (80 NY2d 201, 215-216), the Court stated that "it is the People’s burden to ensure, in the first instance, that the record of the proceedings at which the adjournment was actually granted is sufficiently clear to enable the court considering the subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged.”
In the instant case, the People have not only failed to present a clear record to süpport their contention that the Judge was not sick but they concede that their material witness was actually available during the period in question.
The People are therefore charged with 21 days.

May 17, 1993 to June 14, 1993 (28 days)

On May 17, 1993, the People answered not ready and requested an adjournment to June 14, 1993. This period of 28 days is chargeable to the People.

June 14, 1993 to July 6, 1993 (22 days)

On June 14, 1993, the People neither answered ready on the record nor filed a certificate of readiness. Instead, they contend that the case was adjourned for defense counsel to appear. The People rely on CPL 30.30 (4) (f) to support their claim that this period is excludable. This reliance is misplaced. CPL 30.30 (4) (f) excludes only those periods of time *889 where the defendant has neither retained counsel nor been assigned counsel by the court.
Further, it is axiomatic that a defense counsel’s absence or unavailability is not an impediment to the People being ready for trial. Nor can such absence be used to excuse the People of their obligation to be ready to proceed. In People v Liotta (79 NY2d 841 [1992]), the Court of Appeals made it clear that defense counsel’s failure to appear cannot be considered as a consent to an adjournment. (Supra, at 843.) Moreover, the Court ruled that the right to a speedy trial " 'is not dependent in any way on whether the defendant has expressed his readiness for trial’.” (Supra, citing People v Hamilton, 46 NY2d 932, 933-934 [1979].)
Consequently, the People are charged with these 22 days.

July 6, 1993 to July 27, 1993 (21 days)

On July 6, 1993 the People answered not ready and requested July 27, 1993. The People are chargeable with 21 days.

July 27, 1993 to September 13, 1993 (48 days)

The People are charged with 48 days for the reasons stated below.

September 13, 1993 to September 15, 1993 (2 days)

On September 13, 1993 the People answered not ready and requested September 15, 1993. The People are chargeable with two days.

September 15, 1993 to September 20, 1993 (5 days)

On September 15, 1993 the People answered not ready, and the case was adjourned to September 20, 1993. The People are charged with five days.

September 20, 1993 to September 21, 1993

On September 20, 1993 the case was adjourned to September 21, 1993. Defendant filed the instant motion on September 21, 1993.
DETRIMENTAL RELIANCE AND ILLUSORY DECLARATIONS OF READINESS
Since the court has been presented with a novel argument *890 and has found no cases directly on point, the followng is the court’s reasoning for rejecting the People’s contention that the 48-day period described below is excludable based on what appears to be a detrimental reliance theory.
On July 27, 1993 the People answered ready for trial. The case was adjourned to September 13, 1993. Defense counsel was absent. The court at that time indicated that the People would not be charged. This decision was premised on the People’s representation to the court that they were ready to proceed to trial.
However, defendant contends that when the People answered ready on July 27, 1993, their statement of readiness was illusory since he was not produced for trial. Thus, the People could not have been ready. The defendant, who has been incarcerated during the pendency of this case, further contends that the People did not even seek his production for trial on that date.
The People did not controvert or respond in any way to defendant’s claim that he was not produced or even ordered to be produced. Instead, the People contend that the period from July 27, 1993 to September 13, 1993 is excludable because, on July 27, 1993, the defense counsel failed to appear and they declared their readiness for trial on the record. Further, they argue, in essence, that since the court accepted their representation of readiness and granted a 48-day adjournment, that they should, now, not be retroactively charged with this period. Citing People v Wilson (119 AD2d 843) and People v Hayes (141 Misc 2d 505), it appears that the People contend that their reliance on the court’s determination on July 27, 1993, that the time was excludable, is related to their failure to produce the defendant or to declare their readiness for trial during this period. In short, the People argue that they should not be charged because any delay in the commencement of the trial, during this period, was caused by what amounts to their "detrimental reliance” on the court’s determination that this 48-day period was excludable.
With respect to the defense counsel’s failure to appear, this factor cannot affect the People’s readiness for trial, for the reasons outlined earlier in this decision.
Moreover, the People are not generally charged for that period of adjournment where they answered ready. However, whenever the People answer ready they must be, in fact, ready to proceed. A statement of readiness when the People *891 are, in fact, not ready is illusory at best, and for all practical purposes is of no effect. When, as here, an incarcerated defendant has not been produced the People cannot be ready for trial.
In People v Kendzia (64 NY2d 331, 337), the Court of Appeals held that trial readiness encompasses two necessary elements; the prosecution’s communication of readiness on the trial court’s record and the prosecution readiness, in fact, to proceed at that time. Here both elements were not satisfied. Although the People answered ready, the prosecution was not, in fact, ready to proceed since the defendant was not produced.
The failure of the People to produce the defendant does not automatically require that the time be chargeable to the People. Pursuant to CPL 30.30 (4) (e), if the People exercised due diligence in securing the production of the defendant, they will not be charged for the period he was not actually produced.
However, there is no evidence that the People submitted an order to produce the defendant, to the appropriate authorities, for trial for the July 27, 1993 court date. Moreover the record is void of any evidence that the People made any attempt, whatsoever, to have the defendant produced between March 15, 1993 and September 21, 1993. No due diligence can exist when there has been an absence of effort.
It is the settled law of this State that where a defendant is incarcerated in a facility within this State that is known or could have been known to the People, the People have an obligation to have the defendant produced for trial. (People v Masselli, 13 NY2d 1 [1963]; People v Sylvester, 29 AD2d 985.) As stated by the Appellate Division in People v Jones (105 AD2d 179, 186, affd sub nom. People v Anderson, 66 NY2d 529 [1985]) "it cannot be gainsaid that the People’s failure to have defendant produced at trial clearly affects the People’s continued readiness for trial, since defendant’s presence is a prerequisite for proceeding to trial (US Const, 6th Amdt; NY Const art I, § 6; CPL 260.20)”.
Here, the People had actual knowledge that the defendant was incarcerated in State prison. The People, therefore, had an obligation to produce or at least make diligent efforts to produce the defendant from State prison for trial. The People’s failure to do so render them not ready to proceed to trial and chargeable with the period of the adjournment. (People v Anderson, 66 NY2d 529, 540 [1985], supra.)
*892 Lastly, the People’s "detrimental reliance” argument is without merit since their declaration of readiness was illusory.
It was this declaration of readiness that the court relied on in reaching its initial decision that the People would not be charged for the time. However, if it is subsequently discovered that the People were in fact not ready, as they had so declared, they must be charged with the time. The People’s reliance on the court’s statement that they would not be charged must be to their own detriment since it was their misrepresentation of their state of readiness that induced that on which they now claim to have relied.
Consequently, the People are charged with the period July 27, 1993 to September 13, 1993.
Consequently, this court finds that 180 chargeable days have elapsed when the People were not ready for trial.
Accordingly, defendant’s motion is denied.