OPINION OF THE COURT
Charles A. Posner, J.
The defendant Leon Alfonso, charged with two counts of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), moves to dismiss the accusatory instrument pursuant to CPL 30.30 (1) (b). Both sides have stipulated that the People filed and served a statement of readiness on January 21, 1997, 92 days after defendant was arraigned pursuant to his return on a desk appearance ticket. At issue is whether a 17-day adjournment between December 3 and December 20, 1996 following the defendant’s voluntary return on a warrant should be excludable, partially excludable, or chargeable to the People. On May 7, 1997, by oral decision, this court denied the defendant’s motion ruling that the People are allowed a reasonable adjournment following a defendant’s voluntary return on a warrant, as they cannot realistically be expected to answer ready on the day of defendant’s return. (See, People v Degro, 141 Misc 2d 810 [Crim Ct, NY County 1988]; People v Muhanimac, 181 AD2d 464 [1st Dept 1992]; People v Drummond, 215 AD2d 579 [2d Dept 1995].) This court, in its oral ruling, declined to state what would constitute a reasonable time under the particular facts of this case and informed both sides that a written decision would follow. The defense counsel then, for the first time, informed the court that the People actually had their file in the courtroom on the day the defendant returned on the warrant, and that therefore no impediment to an announcement of readiness had existed. The defendant then proceeded to move for reargument based upon this factor. Now, upon reconsideration of defendant’s argument and a reading of the minutes of the calendar call of December 3, 1996 (which were previously unavailable), this court grants the defendant’s motion to dismiss the information pursuant to CPL 30.30 (1) (b) and 170.30 (1) (e).
The case arises from the following facts and procedural history. The defendant was arrested on September 11, 1996 and charged with two counts of criminal possession of stolen property in the fifth degree (class A misdemeanors). The allegations in the misdemeanor complaint set forth that the deponent (an *78 Assistant District Attorney) was informed by Police Officer Brian Leavitt that Officer Leavitt had observed defendant in possession of a stolen bicycle and a stolen leather coat belonging to one Adaline Colon. The deponent also alleged that Ms. Colon had informed him that defendant did not have permission or authority to possess her property and that the defendant had admitted to deponent that he knew the articles were stolen. The court notes that the People filed notice pursuant to CPL 710.30 of two separate statements which the defendant allegedly made to Officer Leavitt in which defendant admitted knowledge that the articles were stolen.
The defendant was arraigned pursuant to a desk appearance ticket on October 21, 1997. At that time the People did not file either a corroborating affidavit from Officer Leavitt or a lack of permission and authority statement from Adaline Colon, both of which would have been required in order to convert the accusatory instrument into an information. The case was adjourned to December 2, 1996 and the People concede that these 42 days are chargeable to them. On December 2, 1996, the defendant failed to appear and a bench warrant was ordered. The next day, December 3, 1996, the defendant voluntarily appeared in court, the bench warrant was vacated, and the case was adjourned until December 20, 1996. This time period is in contention, the defendant arguing that this 17-day adjournment should be chargeable to the People in its entirety because they have an ongoing obligation to be ready for trial within the statutory period which is not relieved by the fact that the defendant warranted for one day. In their affirmation in opposition the People contend that the court adjourned the case because the defendant was without counsel and that pursuant to CPL 30.30 (4) (f) the period during which defendant is without counsel is excludable.
Case law has held that when a defendant voluntarily returns on a bench warrant, the People are entitled to an adjournment as they cannot reasonably be expected to answer ready on the day of defendant’s return. (See, People v Degro, 141 Misc 2d 810 [Crim Ct, NY County 1988], supra; People v Muhanimac, 181 AD2d 464 [1st Dept 1992], supra; People v Drummond, 215 AD2d 579 [2d Dept 1995], supra.) Since the People have no advance knowledge of the actual date on which the defendant would next appear in court, they must be granted a reasonable adjournment in order to obtain their file, prepare for hearings and contact potential witnesses. As the court noted in People v Degro (supra, at 812), "To hold otherwise would unduly burden *79 the People by requiring them to be ready for hearings or trials every day of the year on cases that are not calendared”.
Absent any clear guidelines in prior case law as to what constitutes a reasonable adjournment following defendant’s voluntary return on a warrant we hold that the following factors should be evaluated: (1) the length of time during which defendant warranted; (2) whether the attorney of record was present at defendant’s return; (3) if defendant was without counsel was he advised of his rights under CPL 30.30; and (4) if substitute counsel consents to an adjournment, was the consent given with full knowledge of the speedy trial ramifications in the particular case.
In People v Worley (66 NY2d 523 [1985]), the Court of Appeals ruled that in spite of the People’s ongoing obligation to announce their readiness for trial within the applicable statutory period, preconversion delays could be excluded if they were granted with the consent of the defendant. (See, CPL 30.30 [4] [b].) In Worley (supra, at 527), the Court of Appeals held that "[i]nasmuch as the Legislature intended CPL 30.30 to address delays caused by the People, the time required for defendant’s pretrial motions and his requested adjournments should be excluded.” However, consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of responsibility for the delay (see, People v Liotta, 79 NY2d 841 [1992]). Furthermore, it has been held that when a defendant’s consent to an adjournment was premised on the false impression created by the People, that the People were ready, when in fact they weren’t, that period of delay occasioned by that "consent adjournment” should be charged to the People. (People v Blue, 114 Misc 2d 383 [Sup Ct, Kings County 1982].)
While the court recognizes the principle that preconversion delays consented to by the defendant may be excludable and that the People must be afforded a reasonable adjournment following a defendant’s return on a warrant, the People in the instant case have predicated their argument on another ground. The People contend that the period during which defendant is without counsel, through no fault of the court, is excludable under CPL 30.30 (4) (f).
 The court has recently reviewed the minutes of the December 3, 1996 calendar call, which were previously unavailable and finds the People’s argument belied by the record. The defense counsel of record is Kathryn Leighton, an assigned counsel from the 18-B panel (County Law art 18-B). The People *80 state that the reason for the 17-day adjournment was to enable the defendant to notify counsel. The minutes indicate that at the time of defendant’s voluntary return on the warrant another 18-B counsel stood up on the case. In People v Gatling (160 Misc 2d 886 [1994]), the court held that the People’s reliance on CPL 30.30 (4) (f) to support their claim, that the period during which defense counsel was absent is excludable, was misplaced. The court stated:
"CPL 30.30 (4) (f) excludes only those periods of time where the defendant has neither retained counsel nor been assigned counsel by the court.
"Further, it is axiomatic that a defense counsel’s absence or unavailability is not an impediment to the People being ready for trial.” (People v Gatling, supra, at 888-889.)
In addition, the Assistant District Attorney stated on the record, "Your Honor, serving and filing a supporting deposition and announcing ready.” (See, minutes, at 2, lines 14-16.) The Assistant’s statement was erroneous and misleading. He was apparently referring to a lack of permission and authority statement from Adaline Colon, the owner of the coat and bicycle, but this affidavit alone was insufficient to convert the instrument in the absence of the supporting deposition from Police Officer Brian Leavitt. While substitute defense counsel did consent to the adjournment this court can only conclude that he did so under the misconception that the People had just made a valid announcement of readiness. In fact, the accusatory instrument was not in nonhearsay form until the corroborating affidavit of Officer Leavitt was filed. Moreover, that affidavit was dated December 17, 1996, so there is no possible way that the Assistant District Attorney was referring to Officer Leavitt’s affidavit, when he announced that he was serving a supporting deposition at the December 3, 1996 calendar call. Accordingly, since defendant’s consent to the adjournment was based upon the People’s erroneous announcement of readiness and substitute defense counsel’s mistaken but justifiable belief that a valid announcement of readiness had been made, this cannot be deemed a consent adjournment. What transpired on December 3 was a preconversion delay directly attributable not to any action or inaction on the part of the defendant or of the court, but due to the People’s dereliction in failing to obtain a corroborating affidavit.
As previously discussed, case law has supported the proposition that the People should be allowed a reasonable adjournment following the defendant’s voluntary return on a warrant *81 as the People cannot realistically be expected to be ready for trial when they have no advance knowledge of the day on which the defendant will actually appear. In this case, however, the minutes of the December 3, 1996 calendar call indicate that the People in fact had their file. The only impediment to an announcement of readiness was the absence of the corroborating affidavit of Officer Leavitt. Since the People appear to have had the corroborating affidavit in their possession since December 17, 1996, they could have served and filed a statement of readiness at that time instead of waiting until January 21, 1997. This court therefore charges the adjournment between December 3 and December 20, 1996 in its entirety to the People.
In sum, the defendant was arraigned pursuant to a desk appearance ticket on October 21, 1996 and speedy trial time began to run October 22, 1996. The 42 days between October 21 and December 2 are chargeable. December 2,1996 is excludable. The period between December 3 and December 20, 1996 is chargeable. The People made a valid announcement of readiness on January 21, 1997 when they served and filed a statement of readiness. Accordingly, since 92 days are chargeable to the People, the defendant’s motion for reargument is granted and the motion to dismiss pursuant to CPL 30.30 is hereby granted.