OPINION OF THE COURT
Charles A. Posner, J.
The defendant Salvatore Rubiano moves to dismiss the instant accusatory instrument pursuant to CPL 30.30 on the ground that he has been denied his right to a speedy trial. The motion poses the question as to whether the People are obliged to inform the defendant when a case which has previously been dismissed is restored to the calendar. The underlying ac *308 tion commenced with the filing of a felony complaint which was later dismissed with the consent of the People, and then subsequently reduced to misdemeanor charges and restored to the Criminal Court calendar. The evidence adduced indicates that the defendant was never notified of the restoral by the court and was not notified by the People until two months after the restoral took place. The defendant contends that in the absence of such notification that not only would any purported announcement of readiness for trial be illusory bht that all of the time would be chargeable to the People for speedy trial purposes. This court agrees.
The motion arises from the following facts and procedural history. On September 1, 1998 the defendant was arrested on both felony and misdemeanor charges in connection with an automobile accident in which the defendant was alleged to have been driving with a suspended license while he was intoxicated. The felony complaint, in pertinent part, set forth that Marta Rivera (the driver of the other car involved in the accident) had observed the defendant run a red light and collide with the car that Ms. Rivera was driving resulting in bodily injuries to her. In addition, the complaint set forth that the deponent/arresting officer, who presumably arrived on the scene following the accident, had observed the defendant exhibiting the physical manifestations of intoxication. Lastly, the complaint set forth that the deponent/arresting officer had run a New York State Department of Motor Vehicles (DMV) computer check which revealed that on the day of this accident the defendant had 35 suspensions on 8 different dates. The factual allegations in the felony complaint were based upon the personal observations of the deponent/arresting officer, as well as upon the defendant’s own statements and the statements of Ms. Rivera. The defendant was arraigned on September 3, 1998 at which time the case was adjourned to Part AP-1 on September 4, 1998 for the purposes of CPL 180.80.
On September 4, 1998, there was no Grand Jury action, and the defendant was released on his own recognizance pursuant to CPL 180.80. The case was then adjourned to October 14, 1998. On October 14, 1998 in Part AP-1 the People agreed to dismissal of the case. The court papers were stamped “people TO NOTIFY DEFENDANT AND DEFENSE COUNSEL IF CASE IS PRESENTED TO THE GRAND JURY. DON’T SEAL FOR 150 DAYS.” There were no directives regarding notification to the defendant if the case was restored and added to the Criminal Court calendar.
The People contend that on October 20, 1998 they left a voice mail message for defense counsel informing her that the *309 charges in the original felony complaint would be reduced to misdemeanors and that the case would be restored to the Criminal Court calendar on or about November 12, 1998. Defense counsel contends that she never received this message, and that moreover, the first she learned that the case had been added to the Criminal Court calendar was three months after the alleged message, specifically on January 20, 1999, when she received a call from an Assistant District Attorney.
On November 24, 1998 the case was added on the Criminal Court calendar in Part AP-1 for reduction of the charges. Neither the defendant nor defense counsel appeared and there is no indication in the court papers that either of them had been notified that the case was being restored and added to the Criminal Court calendar by either the People or the court. The People retained the following misdemeanor charges from the initial felony complaint: Penal Law § 120.00 (assault in the third degree); Penal Law § 120.20 (reckless endangerment in the second degree); Vehicle and Traffic Law § 1192 (3) (operating a vehicle while under the influence of alcohol); Vehicle and Traffic Law § 1212 (reckless driving); Vehicle and Traffic Law §511 (2) (a) (aggravated unlicensed operation of a motor vehicle in the second degree); and Vehicle and Traffic Law § 511 (3) (a) (aggravated unlicensed operation of a motor vehicle in the first degree, as a misdemeanor). At this time, the People filed a supporting deposition from the complainant/informant Marta Rivera, thereby converting the charges of assault in the third degree, reckless endangerment in the second degree, and reckless driving. The charge of common-law driving while intoxicated was corroborated by the deponent/arresting officer’s personal observations set forth in factual allegations in the complaint. Therefore, on November 24, 1998 only the two charges of aggravated unlicensed operation of a motor vehicle remained unconverted. This court has reviewed the minutes of the November 24, 1998 calendar call. The record contains no reference to any past, present or future notification to the defendant. The court then adjourned the case for December 2, 1998.
The 90-day period within which the People must be ready for trial (see, CPL 30.30 [1] [b]) commenced to run on November 24, 1998, the day of the reduction of the charges (see, CPL 30.30 [5] [c]). The eight days from November 24 to December 2, 1998 are chargeable to the People.
On December 2, 1998, neither the defendant nor his counsel appeared and a bench warrant issued. Again the court papers *310 contain no indication of any notification to the defendant. On January 22, 1999 the defendant voluntarily returned on the warrant after having been informed by defense counsel of the January 20, 1999 phone call that she received from the Assistant District Attorney.
The entire period from November 24, 1998 to January 22, 1999 is chargeable to the People because of the People’s failure to notify the defendant that the original felony complaint had been reduced and that the case had been restored to the Criminal Court calendar (59 chargeable days). Even though defense counsel received notification on January 20, this court has determined that the defendant was entitled to a two-day grace period in which to appear in court.
In the case People v Miniero (179 Misc 2d 830 [Crim Ct, Kings County 1999]), the People filed a statement of readiness for trial in the interim period between a Supreme Court order to file a prosecutor’s information pursuant to a Grand Jury directive (see, CPL 190.70 [3]) and the actual filing of the prosecutor’s information with the Criminal Court without ever having notified the defendant of the Grand Jury directive or of the date, time and place to appear in Criminal Court. This court held the purported statement of readiness to be null and void for lacking a jurisdictional basis, but also noted that when the Supreme Court orders the People to file a prosecutor’s information in Criminal Court due process mandates that the defendant be provided with notice as to when and where he/she should next appear. We now extend the same reasoning to the situation where a dismissed case is restored to the calendar. Due process and fundamental fairness mandate that a defendant be made aware of the charges against him/her (see, People v Miniero, supra, at 835). Accordingly, when a case against a defendant progresses through Criminal Court without notification to the defendant, any purported statement of readiness for trial is ineffective and all of the time is chargeable to the People for speedy trial purposes until such time that the defendant is notified (see, People v Kendzia, 64 NY2d 331). While this court declines to specify the permissible methods of notification, the form of such notice must be given in a manner that will likely apprise the defendant of the charges against him. Under the facts and circumstances of the instant case, that standard was not met.
On January 22, 1999, the defendant appeared in AP-9 as a voluntary return on the warrant, after having been notified by defense counsel of the People’s phone call two days earlier. *311 This court has obtained the minutes of the January 22, 1999 calendar call which indicate that the People had their file in court, that a statement of readiness for trial had already been filed and that the DMV abstract needed to convert the charges of aggravated unlicensed operation of a vehicle had still not been filed. The case was then adjourned to February 24, 1999 for the purpose of the People’s filing of the DMV abstract.
This court finds that the period from defendant’s voluntary return on the warrant on January 22, 1999 to the adjourn date of February 24, 1999 is chargeable to the People. The People are generally entitled to a reasonable adjournment following the defendant’s return on a warrant as they cannot realistically be expected to be ready for trial when they have no advance knowledge of the day on which the defendant will actually appear (see, People v Degro, 141 Misc 2d 810 [Crim Ct, NY County 1988]; People v Muhanimac, 181 AD2d 464 [1st Dept 1992]; People v Drummond, 215 AD2d 579 [2d Dept 1995]). In this case, however, the minutes of the January 22, 1999 calendar call indicate that the People in fact had their file (see, People v Alfonso, 174 Misc 2d 76 [Crim Ct, Kings County 1997]). The only impediment to an announcement of readiness for trial on this date was the absence of the DMV abstract. The People’s failure to have obtained the DMV abstract was entirely due to their own dereliction, and the People’s obligation to convert the complaint to an information is not mitigated when their own actions have caused the defendant’s absence. The minutes also reveal that the People had already filed a statement of readiness for trial prior to the defendant’s return on the warrant. Even if the charges had been corroborated, the People’s statement of readiness would be deemed illusory since it was never communicated to the defendant as required by People v Kendzia (supra). The period from January 22 to February 24, 1999 therefore is chargeable (33 days, for an aggregate total of 92 chargeable days).
Accordingly, the People failed to be ready for trial within the 90-day statutory period (see, CPL 30.30 [1] [b]) and the defendant’s motion to dismiss the accusatory instrument is granted.