People v De Jesus (2025 NY Slip Op 51722(U))

[*1]

People v De Jesus

2025 NY Slip Op 51722(U)

Decided on October 29, 2025

Criminal Court Of The City Of New York, New York County

McDonnell, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 29, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York

against
Green De Jesus, Defendant.

Docket No. CR-007381-25NY

For the People: District Attorney's Office of New York
For Defendant: The Legal Aid Society

Janet McDonnell, J.

I. Introduction
The defendant, Green De Jesus, is charged in the above docket with Vehicle and Traffic Law ("VTL") § 511(1)(a) and § 509(1) for an incident alleged to have occurred at approximately 1:41 P.M. on or about March 17, 2025. In connection with these charges, De Jesus ("defendant") has moved for dismissal for the People's alleged violation of C.P.L. §§ 30.30 and 170(1)(e), and alternatively, for various relief in a separately filed Omnibus motion. Upon review and consideration of each party's submissions, the court file, and relevant legal authorities, the Court issues the below Decision & Order pertaining to both motions. 
II. Background
On April 2, 2025, defendant was arraigned, the complaint was deemed an information, and trial was scheduled for June 5, 2025. Off-calendar on May 29, 2025, the People filed a Certificate of Compliance ("COC") and Certificate of Readiness ("COR"). On June 5, 2025, the People stated "ready," defendant failed to appear, and a bench-warrant for her arrest was stayed to June 9, 2025. On June 9, 2025, that warrant was issued because defendant failed to appear again, and it remained active until June 20, 2025, when defendant voluntarily surrendered. At that appearance, defendant was released on her own recognizance and the case was adjourned for trial to July 18, 2025. On July 18, 2025, the People stated, "not ready," and trial was adjourned to September 3, 2025, when the Court granted defense counsel's request for a motion schedule. Defendant filed the instant motions on September 24, 2025, the People opposed on October 15, 2025, and defendant replied to the People's opposition on October 22, 2025.
A. Speedy trial arguments
The top count with which defendant is charged is an unclassified misdemeanor for which the maximum sentence cannot exceed thirty days (C.P.L. § 30.30[1][c]). The applicable speedy trial time for such an offense is sixty days, so a "speedy trial" motion must be granted if the People are not ready for trial within that timeframe (Id.; People v Jameau, 84 Misc 3d 1201[A] [NY Dist Ct 2024]). Relatedly, the People cannot validly declare "ready for trial" unless they [*2]have exhibited due diligence and complied in good faith with their discovery disclosure obligations (C.P.L. § 245.50[3]; see also People v Bay, 41 NY3d 200 [2023]). Although the People's opposition focuses on this inquiry, this case turns on whether the People should be charged with the adjournment caused by their inability to proceed to trial on July 18, 2025. To this end, the People's initial argument that defendant's motion is procedurally barred pursuant to C.P.L. § 245.50(4)(c) is misplaced. Though the second prong of defendant's speedy trial motion seeks invalidation of the People's initial COC/COR, the 35-day deadline in C.P.L. § 245.50(4)(c) does not apply to the dispositive issue here because it is "pursuant to section 30.30 . . . on grounds unrelated to the validity of a certificate of compliance" (See C.P.L. § 245.50[4][c]).
B. Speedy trial analysis
Defendant was arraigned on April 2, 2025, which is excluded from this calculation (People v Stiles, 70 NY2d 765 [1987]). The People filed their initial COC/COR on May 29, 2025, and the People concede responsibility for this period of fifty-seven days.
On June 5, 2025, defendant failed to appear, and a bench warrant for her was stayed to June 9, 2025, which was issued when she failed to appear that day.[FN1]
This time is excludable, and it extends to June 20, 2025, the date on which defendant voluntarily surrendered (C.P.L. § 30.30[4]).
On June 20, 2025, after defendant's surrender, the matter was adjourned for trial to July 18, 2025. This time is excludable because this appearance was not for trial and the People are entitled to a reasonable adjournment to prepare following defendant's voluntary return on the bench warrant (People v Muhanimac, 181 AD2d 464 [1st Dept 1992]; People v Joseph, 47 Misc 3d 265 [Crim Ct, New York County 2014]; People v Degro, 141 Misc 2d 810 [Crim Ct, New York County 1988]).
On July 18, 2025, the People did not explain their inability to proceed with trial, and the case was adjourned (People v Cortes, 80 NY2d 201 [1992]). The transcript shows that defendant did not expressly consent to the adjournment (People v Liotta, 79 NY2d 841, 843 [1992]). In their opposition, the People explained that it was a necessary officer's regular day off, and that they would have been ready on July 19, 2025 (People v Labate, 42 NY3d 184, 193-194 [2024] [stating the People may explain the reason for their post-readiness adjournment request in response to a 30.30 motion]). Crucially, however, the People did not seek a specific adjournment to an earlier date than was provided on which they would have been ready or file an off-calendar re-statement of trial readiness after this adjournment (Id., at 190; People v Kendzia, 64 NY2d 331 [1985]; People v Stirrup, 91 NY2d 434, 440 [1998]). Further, this Court is unaware of any authority that an officer's regular day off warrants exclusion under C.P.L. § 30.30(4)(g) (See e.g. People v Onikosi, 140 AD3d 516, 517 [1st Dept 2016] [excluding delay during necessary officer's active military duty and subsequent medical treatment for injuries sustained during service]; e.g. People v McFaline, 167 AD3d 465 [1st Dept 2018] [excluding delay caused by necessary detective's medical issues, relocation to Florida, and need to visit seriously ill father in Puerto Rico]; e.g. People v Chambers, 226 AD2d 284, 285 [1st Dept 1996] [excluding delay when necessary officer suffered a broken ankle]; e.g. People v Lucero, 21 Misc 3d 412, 416-417 [Crim Ct, New York County 2008] [excluding delay caused by untimely [*3]passing of necessary officer's sister). As a result, the People are responsible for this period of forty-seven days.
On September 3, 2025, defendant sought and received the motion schedule that is presently before the Court. This time is excludable under C.P.L. § 30.30(4)(a). Accordingly, this Court finds that 104 days are chargeable to the People.
III. Conclusion
For the above reasons, the defendant's motion to dismiss is hereby GRANTED, and the Court need not reach defendant's remaining points of contention or requests for relief.
The foregoing constitutes the Decision and Order of the Court.
Dated: October 29, 2025
New York, New York

Footnotes

Footnote 1:Defendant's reply to the People's opposition clarifies that defendant's original motion incorrectly asserts that defendant appeared on June 9, 2025.