*831 OPINION OF THE COURT
Charles A. Posner, J.*
The defendant, Nicholas Miniero, charged with possession of burglar’s tools (Penal Law § 140.35), petit larceny (Penal Law § 155.25), and criminal trespass in the third degree (Penal Law § 140.10 [a]), moves for dismissal of the accusatory instrument on speedy trial grounds pursuant to CPL 30.30 (1) (b). The charges are contained in a prosecutor’s information which was filed pursuant to a Grand Jury directive (see, CPL 190.70). At issue is whether the People can make an effective statement of readiness for trial prior to the filing of a prosecutor’s information in the local criminal court. In the instant case, the People filed a statement of readiness for trial with the Grand Jury Warden’s Office on the same date that the presiding Supreme Court Justice ordered the People to file a prosecutor’s information pursuant to a Grand Jury directive. Nearly two weeks later, the People filed the prosecutor’s information when the case made its initial appearance in Criminal Court following its transfer from Supreme Court. There is no indication in the court papers, nor has there been any evidence presented, that after the prosecutor’s information was filed at the Criminal Court that the People announced their readiness for trial or filed an additional statement of readiness. As the case progressed through the Criminal Court All Purpose Parts, the People proceeded on the premise that the statement of readiness which they had filed in Supreme Court constituted a valid expression of their present readiness for trial as required by People v Kendzia (64 NY2d 331 [1985]) and survived the Criminal Court filing of the prosecutor’s information.
This court holds that where the Grand Jury votes to direct the filing of a prosecutor’s information pursuant to CPL 190.70 and the presiding Supreme Court Justice signs and thereby approves the directive (see, CPL 190.70 [3]), the People may not make an effective statement of readiness for trial prior to the filing of that prosecutor’s information in the designated local criminal court. A statement of readiness which is predicated upon an intermediary filing with the Offices of the Grand Jury Warden or the Supreme Court Clerk will not suffice. Despite the ambiguity found in CPL 30.30 (5) (c) as to where the “filing of the new accusatory instrument” should take place, this statute must be read in tandem with CPL 190.70 (3) which speci *832 fies that the People must file the prosecutor’s information in the designated local criminal court. Furthermore, the People may not answer ready for trial in the absence of a valid accusatory instrument. (People v Caussade, 162 AD2d 4 [2d Dept 1990].) Since indictments and superior court informations are the sole accusatory instruments over which superior court has trial jurisdiction (see, CPL 10.20 [1] [b]; 200.10), when the People announce ready for trial in Supreme Court upon a prosecutor’s information they are doing so upon an invalid and unauthorized accusatory instrument. “[AJlthough superior courts have jurisdiction to try misdemeanors and petty offenses, as well as felonies, they cannot do so where those offenses are charged in an accusatory instrument other than an indictment or a superior court information” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.10, at 400). It follows that the People cannot be ready for trial in a court which lacks trial jurisdiction over a criminal proceeding. The filing of the prosecutor’s information vests trial jurisdiction in the criminal court. Until the time of such criminal court filing any purported statement of readiness for trial is illusory.
The instant motion had its genesis in a procedural history replete with confusion and disorder. The People made several erroneous representations to both the court and the defendant. The allegations in the People’s affirmation in opposition are frequently at odds with the court’s own records. The dates stamped on such documentation as the Grand Jury directive and the statement of readiness for trial belie many of the People’s contentions. Nonetheless, after an arduous effort at placing the sequence of events into chronological order, this court makes the following findings of fact and conclusions of law:
On July 29, 1997, the defendant was arrested on felony charges in connection with an alleged burglary at premises located at 7 Hall Street in the County of Kings. Later that day, the defendant was arraigned on the felony complaint, bail was set at $1,500/$1,500, and the case was adjourned to August 1, 1997, the CPL 180.80 day. On August 1, the defendant was released on his own recognizance pursuant to CPL 180.80 and the case was adjourned to August 21, with the court papers marked “awaiting action of the grand jury.”
On August 21, 1997, in Part AP-1, the People erroneously announced that the Grand Jury had voted an indictment. At the same time, the People filed a statement pursuant to CPL *833 180.80 signed by an Assistant District Attorney bearing indictment No. 8193/97, certifying that the Grand Jury had voted an indictment. The Grand Jury had, in fact, voted to direct the People to file a prosecutor’s information pursuant to CPL 190.70. This directive was filed with the Grand Jury Warden’s Office on August 29. It cannot be determined from the court papers whether the directive had already been voted on August 21, at the time of the People’s erroneous announcement and filing in AP-1. The court, relying upon the accuracy of the People’s representations, announced that the case was being transferred to Supreme Court. Both the defendant and defense counsel were present as well and they, too, understandably relied upon the accuracy of the People’s announcement.
This court has reviewed the documentation related to the Grand Jury’s directive and the subsequent procedural history. The court papers include a copy of an instrument signed by both the foreperson of the Grand Jury and the presiding Supreme Court Justice, directing the People to file a prosecutor’s information pursuant to CPL 190.70 charging the defendant with petit larceny, possession of burglar’s tools, and criminal trespass in the third degree. There are two dates stamped on this instrument, namely August 29 and September 2. August 29, 1997 is stamped beside the signature of the foreperson of the Grand Jury. In addition, there are two date stamps appearing on the face of the directive, namely the “Kings County Grand Jury Warden’s Office August 29, 1997” and the “Supreme Court Kings County Criminal Term September 2, 1997.” There is no indication of the actual date on which the Grand Jury voted to direct the filing of the prosecutor’s information. The court papers also include an undated copy of the prosecutor’s information signed by the District Attorney and a statement of readiness for trial pursuant to CPL 30.30. The statement is signed by an Assistant District Attorney and dated August 22, 1997. There is a handwritten notation indicating that it was “filed with the court on August 29, 1997 by attaching it to the indictment at the time of filing” but does not indicate whether “court” refers to Supreme or Criminal Court. The statement of readiness sets forth that it was served on the defendant by personal service on August 29, but bears no indication that the People provided the defendant with any notice as to where or when he should next appear in court. The defendant contends that he never received a statement of readiness for trial and that he was never notified that a prosecutor’s information had been ordered and filed or that the case had *834 been placed on the Criminal Court calendar. The defendant maintains that he was still awaiting the action of the Grand Jury when a bench warrant from Criminal Court issued against him several months later. The People have not provided any proof of the alleged personal service.
The case next appeared in Criminal Court on the AP-4 calendar on September 9, 1997. The defendant has attached the minutes of the calendar call to his moving papers. The record reveals that the court clerk informed the court and the People that the defendant had never been notified that a prosecutor’s information had been filed or that the case had been placed on the AP-4 calendar.
The initial, question presented by this motion is whether there is a jurisdictional basis for the filing of a statement of readiness for trial with a Supreme Court Clerk when the People have been ordered to file a prosecutor’s information pursuant to a Grand Jury directive. This court recognizes that the Supreme Court is a court of general jurisdiction and is competent to entertain all causes of action unless its jurisdiction has been specifically proscribed (see, NY Const, art VI, § 7 [a], [b]; Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332 [1993]; Thrasher v United States Liab. Ins. Co., 19 NY2d 159 [1967]). The CPL, however, defines two separate and distinct forms of jurisdiction, namely “preliminary jurisdiction” and “trial jurisdiction” (see, CPL 1.20 [24], [25]). “Preliminary jurisdiction” exists when a criminal action may be commenced in a court, and the court may conduct proceedings that lead or may lead to prosecution and final disposition of the action in the court having trial jurisdiction (see, CPL 1.20 [25]; People v Hickey, 40 NY2d 761 [1976]). For example, “[s]ince only a superior court has jurisdiction over grand jury proceedings, and a grand jury has power to indict for any offense, the superior court is given preliminary jurisdiction over all offenses to the'extent of overseeing grand jury proceedings” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 10.20, at 78). “Trial jurisdiction” exists when following the filing of an appropriate accusatory instrument, the court has authority to accept a plea, try, or otherwise dispose of the charges contained in the accusatory instrument (see, CPL 1.20 [24]). CPL 190.70 (3) carves out a specific trial jurisdiction to be vested in the local criminal court. This statute, which includes an explicit jurisdictional restriction on the Supreme Court, provides that “[u]pon the filing of such grand jury direction, the court must, unless such direction is insuf *835 ficient on its face, issue an order approving such direction and ordering the district attorney to file such a prosecutor’s information in a designated local criminal court having trial jurisdiction of the offense or offenses in question” (see, CPL 190.70 [3]). Moreover, CPL 210.05 limits the trial jurisdiction of superior courts to offenses charged by Grand Jury indictment, or by superior court information (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.05, at 557). The CPL requires the filing of an indictment as a prerequisite for the trial jurisdiction of superior courts irrespective of whether the action was commenced as a felony or a misdemeanor (see, CPL 210.05). As was previously noted in this opinion: “[A]lthough superior courts have jurisdiction to try misdemeanors and petty offenses, as well as felonies, they cannot do so where those offenses are charged in an accusatory instrument other than an indictment or a superior court information” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.10, at 400). When a Supreme Court Justice orders the People to file a prosecutor’s information pursuant to a Grand Jury directive the resulting accusatory instrument is neither an indictment nor a superior court information. Nor does an indictment exist until such time as it is voted by a Grand Jury. Additionally, the CPL defines a “prosecutor’s information” as a written accusation by a District Attorney, filed with a local criminal court which serves as a basis for the prosecution of a criminal action. (See, CPL 100.10, 1.20 [6].) Inherent in the definition of a prosecutor’s information is that it has been filed with the Criminal Court, meaning that the prosecutor’s information does not take effect until such filing. A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Harper, 37 NY2d 96 [1975]; People v Camilloni, 92 AD2d 745 [1983].) Accordingly, when the People file a statement of readiness predicated upon a prosecutor’s information which has not yet been filed in the designated local criminal court it is ineffectual and amounts to a nullity. This applies whether the statement of readiness is filed with the Clerk of Criminal or Supreme Court. In addition, I hold that when the Supreme Court orders the People to file a prosecutor’s information in the Criminal Court due process mandates that the defendant be provided with notice as to when and where he should next appear. In the absence of proof of such notification, any purported statement of readiness for trial is illusory.
A criminal action commences with the filing of an accusatory instrument against a defendant in a criminal court. In the *836 instant case the defendant was arraigned on a felony complaint in Criminal Court. A criminal action can be commenced by filing a felony complaint in criminal court (see, CPL 100.05) but once an indictment is filed in Supreme Court the criminal court is divested of jurisdiction (see, CPL 170.20 [2] [a]). However, in the instant case, because no indictment was ever filed the Criminal Court was never divested of jurisdiction. (See, People v Rivera, 144 Misc 2d 1007 [Crim Ct, NY County 1989]; CPL 10.30.) This principle was applied by the Court of Appeals in Matter of Morgenthau v Roberts (65 NY2d 749 [1985]) where it was held that the superior court has no authority to entertain a motion to dismiss the felony complaint, because it has no jurisdiction over felony complaints. The interim between the transfer of an action from criminal court to Supreme Court and the filing of an indictment is somewhat of a period of legal limbo. This is acknowledged in the Practice Commentaries to CPL 10.30 which state, “Once a local criminal court has ordered a defendant held for the action of the grand jury, the pertinent documents are transferred to a superior court and, upon arrival there, the action is no longer pending in the local criminal court (see e.g., CPL §§ 180.30[1], 180.70[1]). But prior to the filing of an indictment there is no provision that specifies where the action is pending * * * Accordingly, there is no court with jurisdiction to dismiss the complaint during that period * * * and consequently, for example, there is no CPL authority for dismissal on speedy trial grounds during that hiatus, irrespective of the length of the delay” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 10.30, at 84). In the instant case, although ultimately a prosecutor’s information as opposed to an indictment was filed, when the People filed a statement of readiness dated August 22, 1997, a week prior to the signing of the Grand Jury’s directive, they did so during this hiatus. What the People did in essence was to file a statement of readiness in Supreme Court predicated upon a felony complaint. It follows that, if during this period prior to the filing of an indictment no court can properly entertain a motion to dismiss on speedy trial grounds, then no court can properly accept the filing of a statement of readiness for trial. Furthermore, the People filed a statement of readiness in Supreme Court contemporaneously with the signing and approval of the Grand Jury directive. A Grand Jury directive is neither an accusatory instrument nor is it synonymous with a prosecutor’s information. Accordingly, a statement of readiness predicated upon a *837 Grand Jury’s directive rather than a prosecutor’s information is ineffectual.
This court will now analyze the calculation of the applicable speedy trial time. CPL 30.30 (5) (c) provides that when a criminal action is commenced by the filing of a felony complaint and is subsequently replaced by a prosecutor’s information filed pursuant to CPL 190.70 the applicable speedy trial time commences to run on the date of the filing of the prosecutor’s information (except in instances where the aggregate pre- and postreduction chargeable time exceeds six months). This court has already determined that the speedy trial time in the instant case commenced to run when the prosecutor’s information was filed in Criminal Court. Since the Grand Jury’s directive bears a stamp, “Supreme Court Clerk September 2, 1997”, it is unlikely that the prosecutor’s information could have been filed in Kings County Criminal Court any earlier than that date. In fact, the first day on which this court can be certain that the prosecutor’s information was filed in Criminal Court was at the September 9, 1997 calendar call in AP-4. Accordingly, this court finds that the speedy trial time began to run on September 9, 1997.
As mentioned previously, this court has obtained the minutes of the September 9th calendar call during which the court was informed that the defendant had never been notified that a prosecutor’s information was being filed and that the defendant would be required to appear in Criminal Court. The court then adjourned the case to October 22, 1997 and instructed the People and the clerk to notify the defendant. The People did not voice any objection to this adjournment, nor did they offer any information as to whether they had notified the defendant that the People had filed a prosecutor’s information or that they intended to notify him in the immediate future. (These 43 days are chargeable to the People.)
On October 22, 1997, the defendant failed to appear and a bench warrant issued. The defendant contends that he was never notified of the October 22nd adjourn date. There is a space on the court work sheet which can and should be checked off when notification to the defendant is necessary. Typically, when a defendant has been notified, this space bears the date and the initials of the clerk who performed the notification. Since the People have presented no proof of any notification to the defendant, this court finds that the defendant was never notified to appear on the October 22nd adjourn date.
The defendant first appeared in Criminal Court in Part AP-4 on October 28, 1997 as a voluntary return on a warrant. The *838 period from October 22nd through October 28th (six days) is chargeable as a prereadiness delay. The People, in their affirmation in opposition, allege that on October 28th they stated their readiness for trial on the record, an allegation that is contradicted by the defendant. This court attempted to resolve this discrepancy by reviewing the minutes of the October 28th calendar call, but after numerous efforts by both court reporters and clerks, I have been advised that the transcript cannot be located. This court will presume that there was no announcement of readiness on that date since there is no notation on the work sheet in the court papers to indicate this. Nor did the People adduce any proof beyond a bare assertion that they were ready. When there is a discrepancy as to whether or not there was an announcement of readiness at a particular calendar call it is incumbent upon the People to provide the court with appropriate transcripts or testimonial evidence. In fact, the People did not provide the court with a single transcript to substantiate any of the claims made in their moving papers. In addition, there is nothing in the court papers to indicate whether the defendant was ever arraigned on the prosecutor’s information as required by CPL 170.10 (1). The case was then adjourned to November 14, 1997. This adjournment is excludable, because the People are permitted a reasonable period of time following a defendant’s voluntary return on a warrant in order to obtain their file (People v Alfonso, 174 Misc 2d 76 [Crim Ct, Kings County 1997]).
The case next appeared in AP-4 on November 14, 1997 at which time the People did not have their file. The case was then adjourned to December 9th. This 25-day adjournment is chargeable to the People. The case was subsequently adjourned several more times, specifically from December 9th to December 23, 1997 and from January 9th to February 4, 1998. The court, on its own initiative, obtained the transcripts of these calendar calls. Although both discovery by stipulation and production of the Grand Jury minutes for court’s inspection had been ordered at these calendar calls there is no indication in either the court papers or the minutes that during this entire period the People either announced or filed a statement of readiness for trial. The only statement of readiness ever filed in this case was the one dated August 22, 1997 and filed with the Grand Jury Warden’s Office on August 29, 1997 along with the signed Grand Jury’s directive to the People to file a prosecutor’s information.
On February 18, 1998, the People filed the instant motion to dismiss the accusatory instrument pursuant to CPL 30.30 (1) *839 (b). This court finds that the entire period from September 9, 1997 through February 18, 1998 with the exception of the 17-day period between October 28th and November 14, 1997 to be chargeable to the People (145 chargeable days). Since the applicable speedy trial time is 90 days when a defendant, as in the instant case, is charged with a misdemeanor punishable by a sentence of imprisonment of more than three months, the defendant’s motion to dismiss the prosecutor’s information pursuant to CPL 30.30 (1) (b) is granted.
The court will now summarize its findings: (1) A prosecutor’s information does not come into existence until such time as it is filed at the local criminal court; (2) The Supreme Court has trial jurisdiction solely over indictments filed by Grand Juries or superior court informations filed by the District Attorney. It does not have trial jurisdiction over prosecutor’s informations; (3) The People cannot announce readiness until they have a valid accusatory instrument and therefore any statement of readiness which would have preceded such filing is a nullity; (4) When felony charges are reduced by way of a prosecutor’s information, speedy trial time commences to run when that instrument is filed in the local criminal court; unless the aggregate pre- and postreduction chargeable time exceeds six months; (5) When the People are ordered to file a prosecutor’s information pursuant to a Grand Jury directive, the defendant must be notified when and where the case will appear on the Criminal Court calendar. In the absence of proof of such notification, any purported statement of readiness is illusory; and (6) When there are discrepancies as to what transpired at a calendar call, such as whether an announcement of readiness was made, the People have the burden of providing the court with the minutes of the proceedings or they must adduce evidence that supports their assertions.
For the foregoing reasons 145 days are chargeable to the People and accordingly the defendant’s motion to dismiss the charges pursuant to CPL 30.30 (1) (b) is granted.

 This opinion is an expanded version for publication of an opinion and order that was previously entered orally upon the record.