THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS TRINIDAD, Appellant. [778 NYS2d 167]—

Judgment, Supreme Court, New York County (Carol Berkman, J., on speedy trial motion; Daniel FitzGerald, J., at jury trial and sentence), rendered November 21, 2001, convicting defendant of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who brought up the fact that he had served on a committee seeking to keep drug dealers out of his building. The panelist never expressed any bias, and, in any event, gave unequivocal assurances of his impartiality during the court's careful inquiry (*see People v Arnold*, 96 NY2d 358, 362-363 [2001]; *People v Johnson*, 94 NY2d 600, 614 [2000]). In context, the panelist's use of expressions such as "I believe" did not render his declarations equivocal (*see People v Chambers*, 97 NY2d 417, 419 [2002]). In any event, defendant acquiesced to the court's ruling, thereby failing to preserve his objection (*People v Laverpool*, 267 AD2d 93 [1999], *lv denied* 94 NY2d 904 [2000]).

The court properly denied defendant's speedy trial motion. The People were entitled to a reasonable period in which to provide grand jury minutes to the court following defendant's motion to inspect the minutes and dismiss the indictment (*People v Harris*, 82 NY2d 409, 414 [1993] [36 days held reasonable]; *People v Foy*, 249 AD2d 217 [1998], *lv denied* 92 NY2d 897 [1998] [35 days]). Furthermore, the record establishes that defense counsel requested the November 29, 2000 and January 22, 2001 adjournments by submitting notices of actual engagement (*see* CPL 30.30 [4] [b], [f]; *People v Lassiter*, 240 AD2d 293 [1997]; *People v Cambridge*, 230 AD2d 649, 650 [1996]; *People v Brown*, 195 AD2d 310 [1993], *lv denied* 82 NY2d 891 [1993]).

We find it unnecessary to reach any other issues relating to the speedy trial motion.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]). Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ.