■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KRISTOPHER C. JOHNSON, Respondent. [839 NYS2d 346]—

Kane, J. Appeal from an order of the County Court of Broome County (Smith, J.), entered September 27, 2006, which granted defendant's motion to dismiss the indictment.

As a result of a motor vehicle accident in which the driver of the other vehicle was killed, defendant was indicted on charges of vehicular manslaughter in the second degree, vehicular assault in the second degree, driving while intoxicated and operating a motor vehicle with .08 of one per centum or more by weight of alcohol in his blood. The People filed a written declaration of readiness to proceed to trial on February 6, 2006, the same day the indictment was handed up to the court. Defendant was arraigned on February 15, 2006, at which time the People issued a pretrial notice again stating that they were ready for trial. County Court scheduled pretrial motions and directed the People to order the grand jury minutes forthwith. On March 2, 2006, defendant filed an omnibus motion seeking, among other things, inspection and review of the grand jury minutes and/or dismissal of the indictment based on insufficiency of the evidence and of the grand jury instructions. In their response to defendant's motion, the People indicated no opposition to the court's in camera review of the grand jury minutes, and noted that the minutes had been ordered and would be forwarded to the court when they were received. The minutes were received

by the People on April 14, 2006, but were not forwarded to the court until August 19, 2006. On September 12, 2006, defendant moved pursuant to CPL 30.30 to dismiss the indictment on speedy trial grounds. County Court granted the motion, and the People now appeal.

CPL 30.30 (1) (a) mandates that the People be ready for trial within six months of the commencement of a criminal action in which a felony is charged (*see People v McKenna*, 76 NY2d 59, 62 [1990]). "Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (*People v Cortes*, 80 NY2d 201, 208 [1992]). "The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried" (*People v England*, 84 NY2d 1, 4 [1994] [citation omitted]; *see People v Van Hoesen*, 12 AD3d 5, 6 [2004], *lv denied* 4 NY3d 804 [2005]).

In this case, the People concede 137 days of prereadiness delay, but contest the 122 days of postreadiness delay that County Court charged to them for their failure to forward the grand jury minutes to the court. The People contend that the period during which defendant's omnibus motion was pending should have been excluded from the speedy trial calculation pursuant to CPL 30.30 (4) (a).

We disagree. "Delay in providing [g]rand [j]ury minutes may be properly charged to the People if it can be shown that their action or inaction actually caused the delay" (*People v Dearstyne*, 215 AD2d 864, 866 [1995] [citation omitted]). Here, the People have no excuse for their four-month delay in providing the court with the grand jury minutes. "The People are not presently ready for trial . . . where they fail to provide [g]rand [j]ury minutes necessary for resolution of defendant's motion to dismiss" (*People v England, supra* at 4). Regardless of whether other motions are under consideration by the court, the court's inability to determine the threshold motion to dismiss creates a direct impediment to the commencement of the trial (*see id.*; *People v McKenna, supra* at 64; *People v Rodriguez*, 214 AD2d 1010 [1995]; *People v Roscoe*, 210 AD2d 1003, 1004 [1994], *lv denied* 85 NY2d 913 [1995]). Therefore, County Court properly charged the People with the entire period that the grand jury minutes were in their possession but not provided to the court, notwithstanding the pendency of the remainder of defendant's omnibus motion.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed.