■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BREWER, Appellant. [880 NYS2d 56]—

Judgment, Supreme Court, Bronx County (William I. Mogulescu, J., on speedy trial motion; Robert E. Torres, J., at jury trial and sentence), rendered July 6, 2006, convicting defendant of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously reversed, on the law, and the indictment dismissed.

CPL 30.30 (1) (a) provides for the dismissal of an indictment if the People are not ready for trial within six months (in this case 184 days) of the commencement of a criminal action, less excludable time. This prosecution commenced with the filing of a felony complaint on March 25, 2004 (CPL 1.20 [17]). The People announced their readiness for trial on April 28, and for purposes of this appeal, concede 168 days of chargeable time. Defendant's revised brief places in issue four adjournments covering a total of 91 days.

The matter was adjourned from May 9 to May 17, 2005. Defendant, who was incarcerated, was not produced on May 9. The People, however, argue that this time should be excluded due to the absence of defendant's counsel (*see* CPL 30.30 [4] [f]). The defendant generally has the burden of demonstrating that any postreadiness adjournments occurred under circumstances that should be charged to the People (*People v Daniels*, 217 AD2d 448, 452 [1995], *appeal dismissed* 88 NY2d 917 [1996]). The inquiry on a speedy trial motion is whether the People have done all that is required of them to bring the case to a point where it may be tried (*see People v England*, 84 NY2d 1, 4 [1994]). The People are not presently ready where they fail to produce an incarcerated defendant for trial (*id.*). Here the record discloses that the absence of defendant's counsel did not contribute to the delay, but was manifestly the result of defendant's nonproduction. Accordingly, defendant was not "without counsel" within the meaning of CPL 30.30 (4) (f) (*see People v Nunez*, 47 AD3d 545, 546 [2008]). Therefore, this eight-day period should be charged to the People.

The next adjournment in issue covered the period from May 17 to May 31, 2005. Neither the prosecutor nor defense counsel appeared before the court on May 17. The transcript reflects that the court informed defendant that the prosecutor made a telephone request for an adjournment to May 31 for a hearing and a trial. The People assert that the prosecutor found no reason to appear because she knew defendant's counsel would not be in court. Such speculation provides no basis for a determination of the issue. Moreover, this time should be chargeable based upon the People's failure to meet their burden of clarifying on the record the basis for the adjournment (*see People v Liotta*, 79 NY2d 841 [1992]). Accordingly, as we find 22 days should be added to the 170 found includable by the motion court, the total of 192 days is above the 184 days permitted by statute and the motion should have been granted. Additionally, and in the interest of justice, we would also find the 12-day period from July 21 to August 2, 2005 to be chargeable to the People. As reflected by the transcript, the People requested an adjournment for this period due to a police officer's vacation.

In light of the foregoing, we need not consider defendant's remaining arguments. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and DeGrasse, JJ.