■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT BEASLEY, Appellant. [893 NYS2d 201]—

The defendant claims, inter alia, that the Supreme Court (Firetog, J.) erred in denying his motion to dismiss the indictment pursuant to CPL 30.30. We disagree.

On May 27, 2005, an indictment was returned against the defendant, and the People filed a statement of readiness with the court and served it on the defendant. Thereafter, at his arraignment on the indictment, the defendant asked the court to inspect the grand jury minutes. The court adjourned the matter to August 17, 2005, for discovery and for the People to produce the grand jury minutes. On August 17, 2005, the People represented that they would file the grand jury minutes "off calendar." The court stated that the matter would be adjourned to allow the inspection of the grand jury minutes, and that "[t]he adjournment will be by the Court." Defense counsel asked that the case be adjourned to the latter part of September, specifically, September 29, 2005. To accommodate counsel, the court agreed to adjourn the case to September 28, 2005, for a decision as to the sufficiency of the grand jury evidence. The court directed the People to furnish the grand jury minutes to chambers, and the People did so on August 30, 2005. On September 28, 2005, as scheduled, the court rendered its decision as to the sufficiency of the grand jury evidence, dismissing one count of the indictment, but giving the People leave to represent.

The defendant's motion to dismiss the indictment pursuant to CPL 30.30 turns on whether the period between August 17, 2005, and August 30, 2005, is chargeable to the People. The defendant contends that it is, and that, when added to the other unexcused periods of delay, the People were not ready for trial within six months. To the contrary, we find that no part of the period between August 17, 2005, and September 28, 2005, including the period between August 17, 2005, and August 30, 2005, was chargeable to the People.

In felony cases, CPL 30.30 requires that the People be ready for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]). "Whether the People have satisfied this

obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result *any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion"* (*People v Cortes,* 80 NY2d 201, 208 [1992] [emphasis added]; *see People v Fehr,* 45 AD3d 920, 922 [2007]; *People v Vaughn,* 36 AD3d 434, 436 [2007], *cert denied* 552 US —, 128 S Ct 1711 [2008]). Inasmuch as the People communicated their readiness for trial on May 27, 2005, when they filed the indictment, the period at issue here must be seen as constituting, if anything, a postreadiness delay.

When the case was called on August 17, 2005, it was understood that a reasonable adjournment would be required to give the court an opportunity to inspect the grand jury minutes and determine the defendant's challenge to the legal sufficiency of the grand jury evidence. The date to which the matter was adjourned was selected to accommodate defense counsel's express request (*cf. People v Williams,* 32 AD3d 403, 404-405 [2006]). On September 28, 2005, the court, having received the grand jury minutes from the People nearly a month earlier, rendered its decision. On this record, therefore, the fact that the People delivered the grand jury minutes to the court "off calendar" on August 30, 2005, rather than on August 17, 2005, cannot be said to have caused any delay whatsoever in the progress of the case (*cf. People v Harris,* 82 NY2d 409, 412 [1993]; *People v McKenna,* 76 NY2d 59 [1990]). Notably, the defendant makes no claim, and made no claim in the Supreme Court, that, had the grand jury minutes been handed up at the August 17, 2005, court appearance, he would have asked for an earlier adjourned date. The absence of such a claim is significant, as it is the defendant who bears the burden of demonstrating that any postreadiness delays should be charged to the People (*see People v Brewer,* 63 AD3d 402 [2009]; *People v Daniels,* 217 AD2d 448, 452 [1995]; *cf. People v Cortes,* 80 NY2d at 215-216). Since, excluding the period between August 17, 2005, and August 30, 2005, the total time chargeable to the People was less than six months, the Supreme Court properly denied the defendant's motion to dismiss the indictment.

Our dissenting colleagues point to a period following re-presentation of the case to the grand jury, when the court charged the People with the delay in handing up the new grand jury minutes for inspection. They see no difference, for purposes of CPL 30.30, between that period and the period at issue here. We respectfully disagree.

Following the defendant's arraignment on the new indictment on January 3, 2006, the court adjourned the case to February 15, 2006, for the People to produce the minutes of the representment. The court advised the People specifically that, if they produced the minutes before February 15, 2006, it would attempt to have a decision on the sufficiency of the grand jury evidence on that date. The People, however, did not produce the minutes on or before February 15, 2006, and, on that date, the court adjourned the case to March 13, 2006, ruling that the People would be charged until they produced the minutes. The People did not object, and they filed the minutes on February 23, 2006. By virtue of its ruling, the court found, in effect, that the People's failure to produce the minutes on or before February 15, 2006, actually delayed the case. In stark contrast, there was no finding here that the People's delivery of the original grand jury minutes to the court on August 30, 2005, rather than on August 17, 2005, delayed the case in any respect, and the circumstances establish that it did not. Consequently, inasmuch as the record does not support the conclusion that the period in dispute constituted a postreadiness delay attributable to the People, it was not chargeable pursuant to CPL 30.30.

The defendant's claim that he was denied the effective assistance of counsel is without merit (see People v Henry, 95 NY2d 563, 565-566 [2000]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Fisher and Dickerson, JJ., concur.

Eng, J., dissents, and votes to reverse the judgment, grant the defendant's motion pursuant to CPL 30.30, and dismiss the indictment, with the following memorandum, in which Hall, J., concurs:

The People, after initially having been granted a period of more than two months to obtain grand jury minutes for inspection by the court, failed, without explanation or excuse, to produce the required minutes on August 17, 2005. Engaging in a retrospective analysis, the majority concludes that since the court would have been required to adjourn the proceeding on August 17, 2005, even if the grand jury minutes had indeed been produced, the People should not be charged with the 13-day period between August 17, 2005, and August 30, 2005, when the grand jury minutes were provided "off-calendar." I believe that the majority's analysis, which disregards prosecutorial laxity in favor of an inquiry focused solely upon whether, in hindsight, the failure to produce the grand jury minutes caused an actual delay in proceeding to trial, is inconsistent with the

statutory purpose of CPL 30.30. Accordingly, I respectfully dissent, and vote to grant the defendant's motion pursuant to CPL 30.30, and dismiss the indictment.

On May 5, 2005, the defendant was arraigned on a felony complaint charging him, inter alia, with criminal possession of a controlled substance in the second degree. An indictment charging the defendant with criminal possession of a controlled substance in the second degree and two lesser offenses was subsequently filed on May 27, 2005, and the People served and filed a statement of readiness that day.

On June 15, 2005, the defendant appeared in court for arraignment on the indictment. After the defendant entered his plea of not guilty, the prosecutor announced the People's readiness for trial. Defense counsel then asked the court to inspect the grand jury minutes to determine whether the evidence presented to the grand jury was legally sufficient to support the indictment. The court adjourned the case to August 17, 2005, "for open file discovery and the grand jury minutes." The People explain that, in Kings County, in lieu of requiring a written motion from the defense, it is customary for the court to direct the People to serve certain discovery material, and to submit the grand jury minutes for inspection to determine whether the indictment should be dismissed pursuant to CPL 210.30 for evidentiary insufficiency.

At the defendant's next court appearance on August 17, 2005, the prosecutor stated that she believed that "this case was on for open file discovery and the grand jury minutes." When the court confirmed that the prosecutor's belief was correct, she indicated that "[t]he People will file the grand jury minutes off calendar and forward the OFD [open file discovery] to defense counsel." After a brief discussion regarding whether a plea agreement could be reached, the court stated "[a] date for the Court's decision. The adjournment will be by the Court." Defense counsel then requested a late September date, and September 28, 2005, was selected. After the adjourned date was chosen, the court asked the prosecutor whether she would deliver the grand jury minutes to chambers. When the prosecutor agreed to deliver the minutes to chambers, the court commented "[y]es. I will do the decision."

The grand jury minutes subsequently were provided to the court on August 30, 2005, and, on September 28, 2005, the court issued a decision dismissing count one of the indictment charging the defendant with criminal possession of a controlled substance in the second degree, and granting the People leave to re-present the dismissed count to a new grand jury.

CPL 30.30 requires that the People be prepared to proceed to trial in a felony case within six months, plus excludable time, from the commencement of the criminal action (*see People v Sinistaj,* 67 NY2d 236, 239 [1986]). It is a statutory "readiness rule," enacted to serve the core purpose of insuring prompt prosecutorial readiness for trial, and eliminating unjustified delays (*id.* at 239; *see People v Osgood,* 52 NY2d 37, 45 [1980]). Since the filing of the felony complaint marked the commencement of this criminal action against the defendant (*see People v Osgood,* 52 NY2d at 43; *People v Anderson,* 252 AD2d 399 [1998]), the People were required to be ready for trial within six calendar months of May 5, 2005, a period which, in this case, is 184 days.

In reaching its determination denying the defendant's motion to dismiss the indictment pursuant to CPL 30.30, the Supreme Court (Firetog, J.) concluded that the 63-day period between the defendant's arraignment on June 15, 2005, and August 17, 2005, should be excluded because this adjournment was attributable to motion practice. On appeal, the People contend, and my colleagues and I agree, that this 63-day period was properly excluded because the People were entitled to a reasonable period of time to provide the grand jury minutes to the court (*see People v Trinidad,* 8 AD3d 106 [2004]; *People v Foy,* 249 AD2d 217 [1998]).

However, I do not agree with the People's contention that the court properly excluded the entire 42-day period from August 17, 2005, to September 28, 2005, because defense counsel requested and consented to an adjournment to the late part of September. "Adjournments consented to by the defense must be clearly expressed to relieve the People of the responsibility for that portion of the delay," and a failure to object to an adjournment does not constitute consent (*People v Smith,* 82 NY2d 676, 678 [1993]; *see People v Liotta,* 79 NY2d 841, 842 [1992]). Moreover, a sua sponte adjournment by the court is normally chargeable to the People absent the defendant's consent (*see People v Meierdiercks,* 68 NY2d 613 [1986]; *People v Lindsey,* 248 AD2d 729 [1998]; *People ex rel. Sykes v Mitchell,* 184 AD2d 466, 467 [1992]; *People v Cortes,* 175 AD2d 171, 173 [1991], *affd* 80 NY2d 201 [1992]). Here, the court announced on August 17, 2005, that it was adjourning the matter for production of the grand jury minutes and a decision on the defendant's oral application, in effect, to dismiss the indictment for legal insufficiency. The fact that defense counsel requested a late September date after the court had already stated on the record that the matter was going to be adjourned "by the court" is not tantamount to consent.

Although a portion of the 42-day period between August 17, 2005, and September 28, 2005, should be excluded from the speedy trial calculus because some time was required for the court to review the grand jury minutes and render its decision (*see People v Edwards,* 215 AD2d 498, 499 [1995]), I believe that the first 13 days of this period should be charged to the People because prosecutorial inaction prevented the court from beginning its inspection of the minutes until August 30, 2005, when the minutes were provided off-calendar. While the People declared their readiness on May 27, 2005, simultaneous with the filing of the indictment, "[t]rial readiness in CPL 30.30 means both a communication of readiness by the People on the record and an indication of present readiness . . . The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried" (*People v England,* 84 NY2d 1, 4 [1994]; *see People v McKenna,* 76 NY2d 59, 64-65 [1990]). Thus, for example, where, as here, the People fail to provide the grand jury minutes necessary for the resolution of the defendant's motion to dismiss the indictment, they are not presently ready for trial (*see People v England,* 84 NY2d at 4; *People v McKenna,* 76 NY2d at 64). Indeed, the failure to provide the court with the grand jury minutes necessary to resolve a pending motion to dismiss the indictment "[is] a direct, and virtually insurmountable, impediment to the trial's very commencement" (*People v McKenna,* 76 NY2d at 64). Accordingly, a delay in providing grand jury minutes may properly be charged to the People where their inaction actually caused the delay (*id.; see People v Johnson,* 42 AD3d 753, 754 [2007]). Here, the People clearly did not do everything required of them to bring this case to trial because, after having been provided with a more than reasonable 63-day period within which to provide the grand jury minutes to the court, they simply failed to produce the minutes on August 17, 2005 (*see People v Johnson,* 42 AD3d 753 [2007]; *People v Burwell,* 260 AD2d 498 [1999]; *People v Reyes,* 240 AD2d 165 [1997]). Moreover, given the prosecutor's complete failure to explain why the minutes could not be produced, the only inference which may reasonably be drawn in this case is that the People failed to make a diligent effort to procure the minutes.

Furthermore, I cannot concur with the majority's rationale that the People's failure to produce the grand jury minutes resulted in no actual period of postreadiness delay because it was understood by the court, the prosecutor, and defense counsel that a reasonable period of time would be required to rule on the defendant's challenge to the sufficiency of the grand jury evidence once the minutes were produced. First of all, had

the People exercised greater diligence and produced the minutes in advance of the August 17, 2005, adjourned date, it is entirely possible that a decision on the defendant's motion could have been rendered on that date, completely obviating the need for an additional adjournment on August 17, 2005. More importantly, the majority's analysis shifts the focus of the inquiry completely away from the prosecutorial laxity which CPL 30.30 is aimed at reducing in favor of a retrospective analysis which attempts to determine, with the benefit of hindsight, whether the People's lack of present readiness on August 17, 2005, should be excused because it ultimately resulted in no delay beyond that which would have been required in order to decide the pending motion. In practice, however, the initial determination of whether a postreadiness adjournment should be charged to the People is normally made at the time the adjournment is granted, taking into account which party has requested the adjournment, and the reason why the adjournment is necessary. Introducing a purely retrospective analysis into this equation to rationalize the failure to hold the People accountable for their completely unexplained delay in producing the grand jury minutes in this case only serves to cloud the rules governing how time exclusions are calculated under CPL 30.30, and abrogates our responsibility to provide the trial courts with guidance in this often murky area. Since the court could not begin its inspection of the grand jury minutes until the People fulfilled their obligation of providing the minutes on August 30, 2005, only the period of 29 days from August 30, 2005, to September 28, 2005, when the court rendered its decision, should be excluded on the ground that a pretrial motion for dismissal of the indictment was under consideration (*see* CPL 30.30 [4] [a]; *People v Sinistaj,* 67 NY2d at 240 n 3). Adding the 13-day period between August 17, 2005, and August 30, 2005, to the 173 days of delay calculated by the Supreme Court, the total amount of delay chargeable to the People is 186 days, exceeding the 184-day limit in this case. Accordingly, in my view, the defendant's CPL 30.30 motion should be granted, and the indictment dismissed.

In reaching my conclusion, I also find it significant that the People take an inconsistent position on the issue of excluding delay for the failure to produce grand jury minutes at two different stages in this proceeding. After the dismissed count of the original indictment was re-presented to a new grand jury, and a second indictment charging the defendant with criminal possession of a controlled substance in the second degree was filed, on January 3, 2006, defense counsel asked the court to inspect the minutes of the re-presentment. The court agreed to

adjourn the matter to February 15, 2006, for a review of the grand jury minutes, and commented that "[i]f the People can get them [the minutes] before that date I'll be happy to review them and see if I can get a decision." On February 15, 2006, the prosecutor advised the court that the grand jury minutes were not yet available, and that she anticipated that they would be available by the following week. The court responded "[a]ll right. What I will do is charge the People until the Grand Jury minutes are served. And we will put it on for decision regarding the new Grand Jury minutes." The court then adjourned the case until March 13, 2006. The People provided the new grand jury minutes to the court on February 23, 2006, and concede that the eight-day period, from February 15, 2006, to February 23, 2006, was properly chargeable to them. In this regard, the People note that while they "fell out of readiness" on January 3, 2006, when defense counsel requested an inspection of the grand jury minutes relating to the second indictment, once the court was provided with the minutes, the People's readiness resumed. The majority reasons that this 8-day delay should properly be treated differently from the earlier 13-day delay because the court expressly indicated on January 3, 2006, that, if the minutes were provided prior to the adjourned date, it would try to have a decision by February 15, 2006. Thus, the majority reasons that the People's failure to timely provide the grand jury minutes relating to the second indictment caused an actual delay, while the failure to provide the grand jury minutes relating to the original indictment on August 17, 2005, did not. Again, this disregards the possibility that had the People provided the grand jury minutes relating to the original indictment in advance of the August 17, 2005, adjourned date, the court could have ruled on the defense counsel's request for dismissal on August 17, 2005. Furthermore, what both delays have in common is that they were caused by the People's failure to provide the court with the grand jury minutes which were necessary for the case to proceed. Thus, in both instances, adjournments were necessitated by the People's dilatory conduct. Indeed, the circumstances surrounding the delay in providing the minutes of the first grand jury proceeding were far more egregious, because the People were given nearly twice as long to procure the minutes, and offered no explanation for their failure to do so.

In sum, one of the clearest rules in applying the CPL 30.30 readiness rule is that postreadiness delays directly attributable to prosecutorial inaction—such as dilatoriness in producing grand jury minutes for inspection—are chargeable to the People. I see no reason to depart from that principle here in order to shield the People from the consequences of their inaction.