OPINION OF THE COURT
Marc J. Whiten, J.
Defendant, George Harley, moves for dismissal pursuant to Criminal Procedure Law § 30.30 on the grounds that he was denied his right to a speedy trial. Defendant contends that a total of 194 days of chargeable speedy trial time has expired between the arraignment on the criminal court felony complaint and his arraignment on the prosecutor’s information. The People oppose and contend that only 175 days of chargeable speedy trial time has elapsed between defendant’s criminal court felony complaint and his arraignment on the prosecutor’s information.
CPL 30.30 (5) (c) provides the applicable time period in situations where a criminal action is commenced by the filing of a felony complaint that is replaced by a misdemeanor or prosecutor’s information. That section sets out a formula which contemplates two time periods: (1) the period of chargeable time that already elapsed since the filing of the original accusatory instrument; herein either 194 days as per defendant or 175 days as per the People, and (2) the CPL 30.30 (1) readiness period applicable to the most serious charge in the new accusatory instrument, herein 90 days. (People v Cooper, 98 NY2d 541, 544 [2002].) If the aggregate of those two periods does not exceed six months, the readiness period is recalculated so that the period applicable to the new accusatory instrument controls, measured from the date of the filing of that instrument. (Id.) “In all other situations, the applicable period remains six months measured from the date of filing of the initial accusatory instrument.” (Id. at 544 n 1; see also CPL 30.30 [5] [d].) This statutory provision, in effect, “prevents the People from obtaining more readiness time as a consequence of their reduction of charges than they would have been entitled to under the felony charge.” (People v Cooper at 544 n 1.)
Because the aggregate of the two periods, based on the defendant’s calculations (194 + 90 = 284) and the People’s calcula *569 tions (175 + 90 = 265), exceeds six months, the People were required to be ready for trial within six months of the filing of the felony complaint. (See CPL 30.30 [5] [c].) Furthermore, to toll the speedy trial clock, the People’s burden is to either announce their readiness for trial or to establish that a time period is statutorily excludable within the six-month felony clock. (People v Berkowitz, 50 NY2d 333 [1980]; People v Kendzia, 64 NY2d 331 [1985].)
The Following Sets Forth the Procedural History and Analysis
On September 17, 2009, the defendant was arraigned on a felony complaint, charging him with robbery in the third degree, and two counts of assault in the third degree. The matter was adjourned to December 17, 2009 for grand jury action. The People are charged with the period from September 17, 2009 to December 17, 2009 for a total of 90 chargeable days.
On December 17, 2009, no grand jury action was reported and the court adjourned the matter to March 30, 2010 for grand jury action. On March 11, 2010, the grand jury voted to transfer the two misdemeanor charges of assault in the third degree to Criminal Court. On March 12, 2010, off calendar, the direction to transfer was signed and submitted. Along with the direction to transfer, the People filed with the court and served on counsel a prosecutor’s information charging defendant with the above-stated misdemeanor counts, together with a statement of readiness. On March 16, 2010, the court signed the “Direction” from the grand jury, directing the District Attorney’s office to file a prosecutor’s information charging the misdemeanor offenses in this court.
As stated above, defendant argues that a total of 194 days are chargeable to the People, as the People’s certificate of readiness filed on March 12, 2010 did not toll the speedy trial clock. Specifically, defendant contends that the certificate of readiness did not toll the clock because it was filed in Supreme Court, a court without trial jurisdiction, prior to the issuance of the order pursuant to CPL 190.70 (3). This court disagrees and holds that based on the circumstances herein the People’s certificate of readiness filed March 12, 2010 tolled the speedy trial clock.
Although, the defendant is correct that the People’s statement of readiness was prior to the section 190.70 (3) Supreme Court order, “[t]he inquiry on a speedy trial motion is whether the People have done all that is required of them to bring the case to a point where it may be tried.” (People v Brewer, 63 *570 AD3d 402, 403 [1st Dept 2009], citing People v England, 84 NY2d 1, 4 [1994] [holding that the People’s statement of readiness is insufficient where they are the sole cause that trial cannot be commenced].) Here, by filing the prosecutor’s information and certificate of readiness they had “done all that was required of them to bring the case to a point where it may be tried.” (People v Brewer at 403.)
In support of his contention, defendant cites a Kings County Criminal Court decision, People v Miniero (179 Misc 2d 830 [Crim Ct, Kings County 1999]), which held that the People may not assert their readiness for trial prior to the filing of the prosecutor’s information in criminal court. {Id. at 831.) However, I find Miniero distinguishable from the case at bar, since the People, in Miniero, failed to do all that was required of them to bring the matter to trial. {See People v Brewer, supra.)
In Miniero, the People filed the statement of readiness for trial two weeks prior to the prosecutor’s information, which was filed when the matter appeared for the first time in Criminal Court. It is clear that in Miniero, since a prosecutor’s information had not been filed as ordered by the grand jury and the court, the People had failed to do all that they could have done, such as filing the prosecutor’s information, to bring the case to a point where it could have been tried.
Albert Einstein said that “[t]ime is what prevents everything from happening at once.” By the same accord, the determination of the grand jury and the filing of the transfer order, by process requires a passage of time. The reality of court process and procedure, as it relates to unavoidable delay, is necessarily visited upon all parties in litigation. The government is not estopped from proceeding with despatch and without delay in exercising all authority granted to it, by pressing forward with the litigation and timely filing its complaint and notice of readiness. Indeed to do less would expose the government to responsibility for the passage of time. While everything cannot happen at once as Mr. Einstein posits, our atmosphere avoids a vacuum; therefore, the interval of time attributable to ministerial delay, in preparing and filing the transfer document is not under the instant circumstances chargeable to the government.
In the case at bar, unlike in Miniero, the People filed a properly dated prosecutor’s information and statement of readiness. By doing so, the People did all that was within their power to do. Therefore, the interval of time between the People’s *571 prosecutor’s information and statement of readiness, March 12, 2010, and the ministerial delay, in preparing and filing of the transfer order, March 30, 2010, is excludable as time under court consideration pursuant to CPL 30.30 (4) (a).
On March 30, 2010, the case was adjourned to Part B to join defendant’s related pending cases in Part B and a motion schedule was also set. This period is excludable as motion practice pursuant to CPL 30.30 (4) (a).
On April 12, 2010, a motion schedule was set and the case was adjourned to June 2, 2010 for response and decision. This period is excludable pursuant to CPL 30.30 (4) (a).
On June 2, 2010, due to the late filing of defendant’s motion, the People failed to file a response. Therefore, the case was adjourned to July 13, 2010 for response and decision. This period is excludable pursuant to CPL 30.30 (4) (a). On June 4, 2010, the People filed and served off-calendar a certificate of readiness for trial.
On July 13, 2010, Judge Burke deemed that the case was not 30.30, and ordered the grand jury minutes. (See court action sheet, notation dated July 13, 2010.) The case was adjourned to October 7, 2010. On July 29, 2010, the People filed and served a certificate of readiness. On August 10, 2010, Judge Burke reviewed the grand jury minutes and found the minutes sufficient. This period is excludable as time under court consideration pursuant to CPL 30.30 (4) (a).
On October 7, 2010, the People answered not ready and requested a one-day adjournment. Due to court congestion the case was adjourned to December 6, 2010. Accordingly, the People are charged with one day of chargeable time for an aggregate total of 176 days.
On December 6, 2010, the People answered reády, and the case was adjourned for hearing and trial to February 22, 2011. This period is excludable.
On February 22, 2011, the People answered not ready, and the defendant expressed his intention to file the present motion to dismiss. A motion schedule was set and the case was adjourned to April 5, 2011 for response and decision. This period is excludable pursuant to CPL 30.30 (4) (a).
On April 5, 2011, the present motion was filed and the case was adjourned for decision. This stopped the clock for speedy trial purposes.
*572 Dates
September 17, 2009 to December 17, 2009
December 17, 2009 to March 30, 2010
March 30, 2010 to April 12, 2010
April 12, 2010 to June 2, 2010
June 2, 2010 to July 13, 2010
July 13, 2010 to October 7, 2010
October 7, 2010 to December 6, 2010
December 6, 2010 to February 22, 2011
February 22, 2011 to April 5, 2011
April 5, 2011 to June 30, 2011
Number of Days Charged
90
85
0
0
0
0
1
0
0
0
Total:
176 days
Conclusion
Based on the foregoing, this court finds that a total of 176 days are chargeable to the People, and therefore, the defendant’s motion to dismiss pursuant to CPL 30.30 is denied.